UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2020 APR 23 PM 3:32
U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL JONES
Plaintiff                                                    Civil Action No.
V.

BANK OF NEW YORK TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC, ASSET- BACKED CERTIFICATE, SERIES 2004-7
Defendants

### VERIFIED COMPLAINT

1. This is an action brought by plaintiff Paul Jones against defendant The Bank of New York Trustee, for wrongful foreclosure of his home. The foreclosure of plaintiff's home is void as it violated the statutory power of sale for three reasons: (1) because the notice of default / Cure /acceleration was sent by the servicer Select Portfolio Servicing Inc ("SPS"), not the defendant BNY whom claims to be the Lender as required by the terms of the mortgage section 22: (2) because no notice of the foreclosure was sent to the Town of Stoughton by defendant BNY within 30 days, as required G.L.c.244, § 15A. (3) Defendants were not in possession of the mortgage & note at the time they filed a complaint to foreclose in the land court or advertised to sell plaintiff home in the newspaper, or when the notice of default was sent.

### PARTIES

2. Plaintiff Paul Jones ("Plaintiff) is a natural person residing in Stoughton, Massachusetts, Norfolk County.

1

3. Defendant Bank of New York Trustee for the Certificate Holder CWABS,INC, Asset-Backed Certificate, Series 2004-7 (BNY) is a Delaware Corporation and has a usual place of business at 101 Barclays Street New York, NY 10286

## JURISDICTION

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) in as much as the challenged actions are alleged to have been committed in this District, all Defendants regularly conduct business in this District, and the named Plaintiff reside in this District.

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Jurisdiction of this Court arises under complete diversity between the parties to a lawsuit exceeds the sum or value of $75,000 jurisdiction under 28 U.S.C. § 1332(a)(1).

## FACTS

8. All conditions precedent to the bringing of this action has been performed, the amount in controversy exceeds $75,000 in this complaint.

9. The allegations in this complaint establish standing under Article III (Spokeo, Inc. v. Robins, 578 U.S. __, 136 S. Ct. 1540, 1546–47), this complaint shows plaintiff suffered an injury in fact traceable to the defendant BNY conduct and redressable by a favorable judicial decision.

10. Plaintiff resides at the property at issue, 572 Park Street, Stoughton, Ma 02072.

11. Plaintiff acquired the home in 2002 under a deed recorded in the Norfolk, County registry of deeds at book 16766, page 1.

12. On June 22, 2004, Plaintiff refinanced and entered into a loan arrangement with Optima Mortgage Corporation as the "originator", through the execution of a purported promissory note made payable specifically to Optima Mortgage Corp in the amount of $275,550.00 under Massachusetts state law, the contractual right to enforce the power of sale in his mortgage.

13. The loan was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc as nominee for Optima Mortgage Corporation the mortgage is recorded at the Norfolk, County Registry of deeds at book 22224 page 219 (**Exhibit 1 Mortgage**).

14. Faced with financial difficulties plaintiff fell behind on his mortgage payments on or about May 2005.

## THE FIRST FORECLOSURE

15. On August 2, 2005 Countrywide Home Loan Servicer LP ("Countrywide") whom was the Servicer in 2005 sent plaintiff a deficient notice of acceleration of mortgage / notice of default (they were not the Lenders), Countrywide August 2, 2005 notice of default did not strictly comply with paragraph 22 of the mortgage, as required under the statutory power of sale and under the Massachusetts Supreme Judicial Court's ("SJC") case law (**Exhibit 2 notice of default**)

16. The date of August 2, 2005 Countrywide's notice of default to Plaintiff, Optima Mortgage Corporation was the lender and Countrywide was the servicer of the loan.

17. On or about November 6, 2006, BNY filed a complaint to foreclose mortgage with the Massachusetts Land Court complaint (**Exhibit 3**). In that complaint, BNY alleged that where the Lender and holder of plaintiff mortgage which was false.

18. Plaintiff filed a Chapter 13 petition on February 7, 2007 due to his loss of income and the unlawful December 7, 2007 foreclosure sale of his home.

19. On May 17, 2007 In the Bankruptcy Court, Countrywide Home Loans, Inc. filed a motion for relief from stay ('MFRS") claiming to be the present holder of plaintiffs Mortgage ( **Exhibit 4)**, plaintiff attorney successfully argued that Countrywide Home Loans, Inc was not the owner of record and did not have a valid assignment, Countrywide Home Loans conceded and dismissed there Motion from relief from stay.

20. On August 8, 2007 In the Bankruptcy Court defendant BNY filed a motion for relief from stay (**Exhibit 5**) and attached a mortgage assignment (**Exhibit 6** ) that was undated but notarized on November 20, 2006, from MERS as nominee of Optima Mortgage Corporation to Bank of New York as Trustee for Certificate Holders, CWABS, Inc., Asset-Based Certificates, Series 2004-7.

21. Plaintiffs' attorney pointed out that this assignment (**Exhibit 6** ) was notarized 14 days after defendant BNY filed their Complaint to foreclose in the land court (**Exhibit 3**), plaintiff ran out of money and could not afford counsel the MFRS was unopposed and granted.

22. On December 3,2007 defendant BNY foreclosed on plaintiff's property without sending plaintiff a default and acceleration notice from the Lender, BNY relied upon Countrywide's August 2, 2005 notice of default, which was contrary to section 22 of the mortgage & the statutory power of sale G.L.c 183 § 21.

23. On or about January 2008 defendants BNY filed several summary processes in the Stoughton district court, the judge ordered BNY on each occasion to produce evidenced that they had a valid assignment of mortgage before they filed the complaint to foreclose in the Land Court or performed the foreclose on plaintiffs' home, BNY produce several contradicting assignments.

24. Defendants BNY produced Five assignments 2 where in blank (**Exhibit 7**) and one assignment which was notarized 14 days after defendant BNY filed their Complaint to foreclose in the land

court (**Exhibit 3**) with no effective date, On February 25, 2008 defendants filed a Fourth assignment (**Exhibit 8**) , which was recorded in the Norfolk Registry of deeds on February 25,2008 Book 25529 Page 356 from MERS on behalf of Option One dated October 10, 2006 but the notary date was clearly changed.

25. One or about March 13 , 2008 the defendants BNY own attorney agreed that there Summary processes should be dismissed page 4 line 14 (**Exhibit 9**).

26. Eight months after the dismissal with prejudice in the Stoughton district court , the defendant BNY and its attorney one or about November 28, 2008 caused a Fifth assignment (**See Exhibit 10**) to be recorded in the Norfolk Registry of deeds, this assignment purports to confirm the forth assignment (**See Exhibit 8**) that was clearly backdated.

27. The SJC and Massachusetts controlling case law has long held that a confirmatory assignment, however, cannot confirm an assignment that was not validly made earlier *or* backdate an assignment being made for the first time, if a lender records a true confirmatory assignment, it must do much better than simply state an effective date.

28. On Jul 31, 2019 BNY attorneys in their supporting memorandum to dismiss a FDCPA claim BNY has stated in this federal district court and in the Stoughton District court Summary process on or about May 9 2019 & February 26, 2019 that they have rescinded the December 2007 foreclosure and it is irrelevant, plaintiff relied on these statements and documents to frame this complaint.

## SECOND FORCLOSURE

29. On or about April 26, 2017 Select Portfolio Servicing Inc ("SPS") sent plaintiff a notice of default / acceleration on or about September 11, 2018.

30. BNY did not send plaintiff a notice of sale / acceleration as required by section 22 of the mortgage.

31. On or about April 9, 2018 defendant BNY foreclosed on plaintiff's property located at 572 Park Street Stoughton, Ma 02072.

32. BNY did not strictly comply with the default notice provisions in paragraph 22 of the mortgage.

33. Defendants BNY did not notify the city tax assessor, collector or the Town of Stoughton within 30 days of the foreclosure.

34. Defendants BNY failure to strictly comply with notice provisions, rendered title obtained by purchaser in foreclosure sale void.

35. Defendants BNY misconduct resulted in the loss of equity in plaintiff's property he built up, pre & post litigation fees, anger, humiliation, anxiety loss of sleep, embarrassment, fees for use & occupancy and threats of a deficiency judgment.

36. BNY must demonstrate that there is no dispute of fact that it had physical possession of the note and mortgage at the time of the foreclosure.

37. On or about April 10, 2018, the Plaintiff sent Defendants BNY an MGL 93a demand letter, defendant BNY failed to respond to the demand letters, although Plaintiff did not have to send an MGL 93a demand letter to BNY, because the defendant BNY Trustee does not maintain a place of business or keep assets within Massachusetts.

38. Plaintiffs 93A claims entitle him to equitable relief affecting the right to possession and equitable relief and monetary relief.

39. The frustration, consternation and anxiety experienced by the Plaintiffs as a result of the Defendants' unfair and deceptive practices relating to the servicing of their loans and the

persistent threat of losing their home have caused them to suffer bouts of sleeplessness, prolonged periods of depression, disruption and conflict in their interpersonal relations, a loss of motivation and chronic feelings of helplessness and severe emotional and physical distress.

40. Plaintiff has plainly shown BNY conduct caused the alleged injury, and the statutory damages plaintiff seeks will redress it.

41. Defendants exposed plaintiff to a second deficiency judgment which is contrary to the MGL 93a and tax assessment, While it's common to hear about the credit consequences of foreclosure, not everyone considers the tax consequences. A foreclosure brings about a property title transfer and subsequent tax assessment. Most property owners do not realize that by losing their home to foreclosure, there are likely going to be tax implications.

42. It is common, following a foreclosure, for the plaintiff to seek a future mortgage. While it might take some time and effort, it is certainly not impossible to purchase a home following a foreclosure. To qualify for a future mortgage loan, most lenders will require a credit score above 620. Most lenders will also require a waiting period before they would consider a loan application, defendant BNY foreclosure was contrary to MGL 93A for these reasons.

## COUNT 1
## VIOLATION OF THE MORTGAGE POWER OF SALE
## G.L.c 183, § 21

43. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and realleged here.

44. Massachusetts permits non-judicial foreclosure under the statutory power of sale contained in G.L.c 183, § 21, Section 21. The following "power" shall be known as the "Statutory Power of Sale", and may be incorporated in any mortgage by reference:

(POWER.)

7

*But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.*

45. The Supreme Judicial Court has held that a mortgagee must strictly comply with the terms of the power of sale. U.S Bank Nat'l Ass'n. v. Ibanez, 458 Mass. 637, 646 (2011) ("[0]ne who sells under a power [of sale] must follow strictly its terms. If he fails to do so there is no valid execution of the power, and the sale is wholly void.") (quoting Moore v. Dick, 187 Mass. 207, 211 (1905), See Roche v.Farnsworth, 106 Mass. 509, 513 (1871) (power of sale contained in mortgage "must be executed in strict compliance with its terms .

46. Under the terms of plaintiff's mortgage, the "lender" must send a notice of default advising plaintiff of certain facts before the mortgage may be accelerated **(Exhibit Mortgage)**

47. The servicer of plaintiff's mortgage SPS sent a notice of default on September 11, 2018 and caused an affidavit to these facts to be recorded in the Norfolk Registry of deed Book 36285 page 536 **(Exhibit ).**

48. At the time the notice of default was sent SPS was not the lender of the mortgage. Rather defendant BNY was the claimed lender pursuant to an assignment of mortgage filed in the Norfolk Registry of Deeds Book 25529 page 356.

Wherefore statement: Plaintiff respectfully request judgment in his favor, actual, statutory, compensatory damages, cost, interest, attorney fees a judgment voiding the foreclosure of his home and whatever the court deems appropriate.

## COUNT 2
## VIOLATION OF G.L. c 244 § 15A

49. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and realleged here.

50. The statues related to foreclosures under G.L.c 183, § 21, are contained at G.L.c 244 §§ 11-17C.

51. Failure to comply with any of these requirements voids a foreclosure sale .As set out in Schumacher, a mortgagee's failure to adhere to the requirements under the power of sale, including G.L. c. 244, § 15A, will void a foreclosure sale. Schumacher, 467 Mass. 421 at 432. "Where a [homeowner] claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in G.L. c. 183, § 21, and the related requirements in G.L. c. 244, §§ 11–17C, proof of any violation of these requirements will void the foreclosure sale . . . ." Id. (Gants J., concurring). Additionally, in Bank of N.Y. v. Bailey, 360 Mass. 327, 335 (2011), the Court overturned a motion for summary judgment and voided a foreclosure when the mortgagee did not strictly comply with G.L. c. 244, § 15.

52. Under G.L.c 244 15A, part of the power of sale, a mortgagee must notify the city tax assessor or collector of the foreclosure within 30 days:

> Section 15A. A mortgagee taking possession of mortgaged premises prior to foreclosure or a mortgagee conveying title to mortgaged premises pursuant to the provisions of this chapter shall, within thirty days of taking possession or conveying title, notify all residential tenants of said premises, and the office of the assessor or collector of taxes of the municipality in which the premises are located and any persons, companies, districts, commissions or other entities of any kind which provide water or sewer service to the premises, of said taking possession or conveying title.

53. BNY did not notify the city tax assessor, collector or the Town of Stoughton within 30 days of the foreclosure. The Defendant BNY did not make the required notification to the Town of Stoughton until more than 4 months after the April 2018 foreclosure sale which was on or about September 11, 2018 (Exhibit ), this record is a true copy of the property record card published by the Town of Stoughton and obtained by the plaintiff.

54. Defendants BNY failed to notify the Town of Stoughton of the transfer violated G.L.c 244 § 15A.

55. As a result, BNY did not strictly adhere to the foreclosure requirements under the statutory power of sale. The foreclosure is therefore void.

Wherefore statement: Plaintiff respectfully request judgment in his favor, actual, statutory, compensatory damages, cost, interest, attorney fees a judgment voiding the foreclosure of his home, and whatever the court deems appropriate.

## COUNT 3
## VIOLATION OF THE MGL 93 A

56. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and realleged here.

57. The Defendant BNY failed to send the Plaintiffs with a notice which complied with the explicit terms of paragraph 22 and instead had SPS the servicer sent plaintiff a notice of foreclosure / Acceleration which was misleading and deceptive and failed to satisfy the requirements of the Power of Sale, in violation of M.G.L. c. 93A, § 2 and 940 C.M.R. 3.16

58. The Defendant BNY failed to comply with M.G.L. c. 244, § 35B by publishing notices of the foreclosure sale of the Plaintiffs' home without having first taken reasonable steps and made a good faith effort to avoid foreclosure, in violation of M.G.L. c. 93A, § 2 and 940 C.M.R. 3.16;

59. The Plaintiffs have suffered and continue to suffer loss equity , Displacement, Housing Instability and possible homelessness, Financial Insecurity , Economic Hardship by net worth, credit rating, Personal / Family Stress, Disrupted Relationships, actual and consequential damages as a result of the Defendants' unfair, misleading, and deceptive practices in violation of G.L. c. 93A. and section 22 of the mortgage.

60. In addition, given the financial disruption and uncertainty attendant to the handling of the Plaintiffs mortgage by the Defendant, Plaintiff has been unable to pursue schooling (Collage).

61. The unfair and deceptive business practices of defendants BNY, as more fully described above, were and continue to be willful or knowing within the meaning of MGL 93a et al. The refusal of Defendant BNY to grant relief upon demand was and is in bad faith, with knowledge or reason to know that their above-described acts or practices violated MGL 93a.

Wherefore: Plaintiff respectfully request that the Court grant and award the Plaintiff triple damages , treble damages, statutory damages, actual damages, attorney's fees and costs, injunctive relief, and whatever the court deems appropriate.

PLAINTIFF DEMANDS A JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 21st day of April 2020

Paul Jones                                                          April 21, 2020
/S/  Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION
# STATE OF MASSACHUSETTS
# Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.

I, Paul Jones, having read the above Complaint, verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate to the best of my information and belief.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones                                                              April 21, 2020
/S/ Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com