UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br>　　　　　Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK AS TRUSTEE<br>FOR THE CERTIFICATE HOLDERS<br>CWABS, INC. ASSET-BACKED<br>CERTIFICATES, SERIES 2004-7, AND<br>SELECT PORTFOLIO SERVICING, INC.<br>　　　　　Defendants. | C.A. NO. 1:20-cv-10800-FDS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
FIRST AMENDED VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**I. INTRODUCTION**

Defendants The Bank of New York Mellon, as Trustee (the "Trust"), and Select Portfolio Servicing, Inc. ("SPS") (together, the "Defendants"), are entitled to dismissal of the First Amended Verified Complaint (the "Amended Complaint") filed by Plaintiff Paul Jones ("Jones") seeking to void the April 9, 2018 mortgage foreclosure resulting in the sale of the property located at 572 Park Street, Stoughton, Massachusetts (the "Property"). This Court previously dismissed a prior action filed by Jones in Case No. 1:19-cv-11076-FDS (the "Prior Action"). The Court dismissed the Fair Debt Collection Practices Act claim with prejudice, and chose not to exercise supplemental jurisdiction over the state law claims resulting in dismissal of those counts without prejudice. Jones re-asserted the state law claims to attack as void the Trust's 2018 foreclosure. Jones pleads the same conclusory allegations and/or raises challenges that do not survive as a matter of law. Dismissal of the Amended Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) is warranted.

## II.  FACTUAL ALLEGATIONS AND BACKGROUND

On June 22, 2004, Jones executed and entered into a promissory note in the principal amount of $275,550.00 with Optima Mortgage Corp. as original lender (the "Note").  (Amended Complaint, ¶ 14; see also Note, attached hereto at **Exhibit A**).[1]  The Note was secured by a mortgage on the Property (the "Mortgage") (together with the Note, the "Mortgage Loan").  (Amended Complaint, ¶ 15; see also Exhibit 1 to Complaint, ECF No. 1-1).  Jones defaulted on the Mortgage Loan in May of 2005.  (Amended Complaint, ¶ 16).

The Trust became the holder of the Note by endorsement in blank, and the holder of the Mortgage by assignment.  (Amended Complaint, ¶¶ 24-28; see also November 28, 2008 Confirmatory Assignment, attached hereto at **Exhibit B**).[2]  The Trust commenced foreclosure, and the Property sold at foreclosure on December 3, 2007.  (Amended Complaint, ¶¶ 20, 24). The 2007 foreclosure was subsequently rescinded.

On April 26, 2017, SPS, as servicer of the Mortgage Loan acting on behalf of the Trust, sent Jones a new notice of default as part of a package of pre-foreclosure rights notices. (Amended Complaint, ¶ 30; see also Notice of Default Package, attached at **Exhibit C**).  The informational package mailed to Jones included the notice of default required by paragraph 22 of

---

[1] "On a motion to dismiss, [the court] may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Squeri v. Mount Ida Coll., 954 F.3d 56, 61 (1st Cir. 2020) (quoting Lydon v. Local 103, Int'l. Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (citation omitted)).

[2] The Court may consider the 2008 Confirmatory Assignment as part of the pleadings where the Amended Complaint makes various references to it (Amended Complaint, ¶¶ 1, 27, 28, 61), Squeri, supra, and the Complaint refers to it as Exhibit 10, even though no Exhibit 10 was filed (Amended Complaint, ¶ 26, ECF No. 1). Hodas v. Sherburne, Powers & Needham, P.C., 114 F.3d 1169 (1st Cir.1997) ("Plaintiff referenced but failed to submit with his complaint a pertinent document that defendants introduced in support of their 12(b)(6) motion. The court properly considered the document as part of the pleadings for the purposes of the motion to dismiss.").

the Mortgage, as well as the notice of default and notice concerning a possible loan modification

pursuant to the regulations promulgated under G.L. c. 244, §§ 35A and 35B.  (**Exhibit C**).  On

April 9, 2018, following notice to Jones and publication, the Trust foreclosed the Mortgage by a

sale of the Property.  (Amended Complaint, ¶ 37).

On May 29, 2019, Jones initiated the Prior Action.  The Trust moved to dismiss, and this

Court entered its Order of Dismissal dated December 16, 2019.  Jones appealed, and is pending

in the First Circuit as Case No. 20-1014.

On April 24, 2020, Jones filed a Verified Complaint against the Trust.  On June 15, 2020,

the Trust filed a motion.  On July 27, 2020, Jones filed the instant Amended Complaint, adding

SPS as a defendant.  Jones again attacks the Trust's April 9, 2018 foreclosure as void.  Jones

contends that the notice of default did not strictly comply with paragraph 22 of the Mortgage

because SPS, as the servicer, sent the notice instead of the Trust.  (Count I).  Additionally, Jones

asserts that the alleged failure to provide notice of the change of ownership following foreclosure

pursuant to G. L. c. 244, § 15A rendered the 2018 foreclosure void.  (Count II).  In Count III,

Jones, without alleging compliance with the statutory demand letter requirement, generically

claims unfair or deceptive practices in violation of G.L. c. 93A, and recites G. L. c. 244, § 35B.

The Amended Complaint also asserts a new claim alleging failure to comply with paragraph 19

of the Mortgage (Count IV).

### III.  LAW AND ARGUMENT

A.    <u>Standard of Review</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Fed.R.Civ.P. 12(b)(6), the court must determine if the facts alleged "plausibly narrate

a claim for relief."  <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st

Cir.2012) (citation omitted).  Reading the complaint as a whole, a court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir.2013).  First, the court must distinguish the factual allegations from the conclusory legal allegations.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  A court also may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets."  In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir.2008).  Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011).

Dismissal is required where the pleading fails to include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir.2010).

Because Jones is representing himself, the Amended Complaint is "liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D.Mass. 1985).  However, his self-represented status "does not insulate [Jones] from complying with procedural and substantive law," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997), and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim."  Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D.Mass. 2001); see also Peabody v. Griggs, 2009 WL 3200686 (D.R.I. Oct. 6, 2009) ("The complaint is replete with irrelevant, repetitive, and incomprehensible factual averments that

saddle Defendants with the unfair task of meeting their obligation to admit or deny the

allegations asserted . . . by an opposing party.  The complaint also forces this Court to parse

countless irrelevant and wholly unnecessary factual allegations to attempt to determine what

Plaintiffs are alleging against each Defendant.").  The rules apply equally to Jones.  See United

States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation and quotation omitted).

Even affording Jones reasonable leniency, the Amended Complaint fails to state a

plausible claim for recovery.

B.      Jones Fails to State a Claim to Void the 2018 Foreclosure

**1.      The Trust achieved strict compliance with paragraph 22**

SPS, as the authorized servicer acting on behalf of the Trust, lawfully sent to Jones the

April 26, 2017 package that enclosed the notice of default and right to cure required by

paragraph 22 of the mortgage.  (**Exhibit C**).  A number of courts have rejected the contention in

Count I that the Trust, as opposed to SPS, was required to send the notice of default to comply

strictly with paragraph 22 of the mortgage.  See, e.g., HMC Assets, LLC v. Conley, No. CV 14-

10321-MBB, 2016 WL 4443152, at *22 (D. Mass. Aug. 22, 2016) (citing Anderson v. Nationstar

Mortgage, LLC, 172 F.Supp.3d 371, 375-376 (D.Mass. 2016) (collecting cases)); Valdez v.

Federal Nat'l Mortg. Association, 89 Mass.App.Ct. 1129, n.7, 54 N.E.3d 605 (June 24, 2016)

(unpublished opinion) (citing Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569, 571, 969

N.E.2d 1118 (2012).

**2.      The Trust did not violate paragraph 19**

The April 26, 2017 notice of default stated, concerning reinstatement rights, that Jones

could "still avoid foreclosure by paying the total past amount before a foreclosure sale takes

place" following acceleration.  (**Exhibit C**).  Paragraph 19 of the Mortgage permits reinstatement

"prior to the earliest of: (a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument, (b) such other period as Applicable Law might specify for the termination of Defendant's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument."  Here, the notice could not feasibly specify the date of reinstatement pegged to the date of the foreclosure sale, because the foreclosure sale was not scheduled as of April 26, 2017.  The notice of default and right to cure was a precursor to noticing and scheduling the sale and taking other action actions in furtherance of the foreclosure, pursuant to G.L. c. 244.  The Trust would not have proceeded with the step of noticing and scheduling the foreclosure sale had Jones timely cured the default in response to the notice he undeniably received.  A construction of paragraph 19 of the Mortgage that required a firm date to reinstate at the notice to cure stage would be illogical, and render the balance of the foreclosure statutes illusory.  Further, Jones never alleges that he tendered or attempted full payment to reinstate the Mortgage prior to the foreclosure sale, and the payment was rejected as untimely.

Also, the "Applicable Law" at G.L. c. 244, § 35A requires the mortgagee to provide the homeowner notice of a right to cure a default before foreclosure. The Legislature directed the Division of Banks to adopt and enforce implementing regulations.  In 2012, the Division issued its final regulations.  The Commonwealth explicitly dictated strict compliance with the Division-issued template form notice, without any deviation.  (**Exhibit E**).  The mandatory notice promulgated by the Division requires the language that the homeowner "can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place."  See 209

CMR 56.04.  (**Exhibit E**).  The April 26, 2017 notice copied the Division's regulation, and advised of the right to reinstate up until the time of sale in accordance with applicable law.[3]

### 3.        Post-foreclosure notice to third-parties is irrelevant

G. L. c. 244, § 15A is not part of the exercise of the power of sale contained in the Mortgage.  Consequently, the alleged failure to provide notice to third-parties of the completed foreclosure sale did not render the April 9, 2018 foreclosure void.  Turra v. Deutsche Bank Trust Co. Americas, 476 Mass. 1020, 1022, 68 N.E.3d 631 (2017) ("Deutsche Bank's failure to comply with § 15A's postforeclosure notice provisions did not render the foreclosure void."); Brown v. CitiMortgage, Inc., No. 16-CV-11484-LTS, 2017 WL 1363305, at * 4 (D.Mass. April 11, 2017).

### 4.        Conclusory allegations of holder status do not state a plausible claim

While not linked to any specific count, Jones in conclusory fashion alleges that the Trust is not the holder of the Note and Mortgage.  (Amended Complaint, ¶ 31).  Jones does not plead facts tethered to this bare contention.  Furthermore, the documents attached to and referenced in the Amended Complaint contradict the conclusion that the Trust lacked authority to enforce the Note and the Mortgage including through foreclosure.  (Amended Complaint, ¶¶ 21, 22, 26, 27; Ex. B).  Jones' allegations in his original Complaint likewise undercut the amended claim. (Verified Complaint, ¶¶ 22-26; Ex. B).   The contradictory allegations render implausible the claim asserted.  See Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir.2000) (citing Northern Indian Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d

---

[3] Strict compliance with paragraph 19 remains questionable.  The First Circuit in Thompson v. JPMorgan Chase Bank, N.A., certified a question the Supreme Judicial Court: Did the statement in the August 12, 2016, default and acceleration notice that "you can still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?  931 F.3d 109, 111 (2019).  The SJC has not ruled.

449, 454 (7th Cir.1998) (documents attached to and incorporated into a complaint trump contradictory factual assertions)).

The Trust as holder through an endorsement in blank has the right to enforce the Note. See G.L. c. 106, § 3-205(b).  The mere assertion that the Trust did not have the power and authority to enforce the Note does not state a plausible claim.  See Mason v. Wells Fargo Bank, N.A., 2014 WL 2737601, *4 (D.N.H. Jun. 17, 2014) (citations omitted) ("Plaintiff cannot mount a challenge to a defendant's authority to foreclose 'simply by raising the possibility that the defendant lack[s] possession of the note secured by the mortgage they have tried to foreclose,' because the pleading standard set forth in Fed. R. Civ. P. 8(a) requires 'more than a sheer possibility that a defendant has acted unlawfully.'").

Likewise, the proclamation that the Confirmatory Assignment is ineffective based on "controlling case law" carries no weight.  (Amended Complaint, ¶ 28).  Although not in the least clear, Jones apparently challenges the prior foreclosure in 2007, subsequently rescinded, and not the operative foreclosure completed on April 9, 2018.  Nonetheless, the Confirmatory Assignment merely corrected a technical defect of an omitted effective date.  It is legally valid. See Butler v. Deutsche Bank Tr. Co. Americas, No. 12-10337-DPW, 2012 WL 3518560, at *9 (D.Mass. Aug. 14, 2012), aff'd, 748 F.3d 28 (1st Cir. 2014) ("The Massachusetts Supreme Judicial Court has recognized that a confirmatory assignment may confirm an earlier assignment that 'is not in recordable form or bears some defect.'") (quoting U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 654, 941 N.E.2d 40 (2011)).  The Trust held the Mortgage at the time "it gave the notice of foreclosure required under G.L. c. 244, § 14, and at the time it exercised the power of sale[.]"  Ibanez, 458 Mass. at 647-648.

C.    Jones Fails to Establish a Viable c. 93A Claim

Jones makes no mention of a statutory demand letter sent in advance of filing this action,

pursuant to G.L. c. 93A, § 9(3).  Compliance with the pre-suit demand letter requirement is

jurisdictional.  Koufos v. U.S. Bank, N.A., 939 F.Supp.2d 40, 50 (D.Mass. 2013) (citing and

quoting Rodi v. S. New England School of Law, 389 F.3d 5, 19 (1st Cir.2004)); Chomo v. Full

Spectrum Lending, Inc., No. 17-cv-12466-DJC, 2019 WL 3253701, at * 5 (D.Mass. July 19,

2019).  "Chapter 93A requires claimants to set out specifically any activities in their demand

letter as to which they seek relief.  Separate relief on actions not so mentioned is foreclosed as a

matter of law."  Passatempo v. McMenimen, 461 Mass. 279, 300, 960 N.E.2d 275 (2012) (citing

Clegg v. Butler, 424 Mass. 413, 323, 676 N.E.2d 1134 (1997)).  See also Bressel v. Jolicoeur, 34

Mass.App.Ct. 205, 211, 609 N.E.2d 94 (1993) ("We note, however, that the demand letter makes

no reference to this particular act which the plaintiff now relies upon as a violation of c. 93A.

Accordingly, her right to relief on this basis is foreclosed as matter of law.").  Because Jones did

not allege compliance with the jurisdictional mandates, Count III fails as a matter of law.

Notwithstanding this defect, Jones does not state a plausible c. 93A violation.  Generic

contentions of unfair or deceptive conduct do not suffice.  See Juarez v. Select Portfolio

Servicing, Inc., 708 F.3d 269, 281 (1st Cir.2013) (complaint alleging violation of c. 93A must

"give notice to defendants regarding the discrete acts [plaintiff] alleges were unfair or

deceptive") (citations and interior quotations omitted).  Jones does not specify conduct by the

Trust that constitutes unfair or deceptive acts or practices required to trigger a statutory violation.

Juarez, 708 F.3d at 281.  A practice is deceptive if it could reasonably be found to have caused a

person to act differently from the way he or she otherwise would have acted.  Aspinall v. Philip

Morris Companies, Inc., 442 Mass. 381, 394, 813 N.E.2d 476 (2004).  A practice is unfair if "it

is within the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to other businessmen." Juarez, 708 F.3d at 280 (quoting Kenda Corp. v. Pot O'Gold Money Leagues, 329 F.3d 216, 234 (1st Cir.2003)).

Jones does not allege that he was deceived during the foreclosure process.  The contention that the Trust improperly foreclosed on April 9, 2018 fails to state a c. 93A claim. Juarez, 708 F.3d at 281 ("It is not enough in the context of Chapter 93A for [Plaintiff] to allege that defendants foreclosed on her property in violation of Massachusetts foreclosure law. Something more is required for [Plaintiff] to establish that the violation 'has an extortionate quality that gives it the rancid flavor[s] of unfairness [and deceptiveness].'") (citations and internal quotations omitted).  Jones cannot maintain a c. 93A action against the Trust predicated on the theory that the April 9, 2018 foreclosure was void.  As set forth above, the underlying claim that the Trust lacked the authority to foreclose the Mortgage fails as a matter of law. Accordingly, any claimed violation of c. 93A grounded in this defective claim likewise fails. See Murphy v. National Grange Mut. Ins. Co., No. CIV. 13-11363-FDS, 2014 WL 5307671, at *6 (D.Mass. Oct. 16, 2014) (where a c. 93A claim is based solely on an underlying claim, summary judgment on the underlying claim is fatal to the c. 93A claim).  In addition, the Jones fails to allege distinct loss or damage resulting from any statutory violation by the Trust.  A causal connection between allegedly unfair or deceptive conduct and a claimant's loss is an essential element of recovery.  See Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc., 445 Mass. 790, 791, 840 N.E.2d 526 (2006); Tyler v. Michaels Stores, Inc., 464 Mass. 492, 503, 984 N.E.2d 737 (2013) ("[T]he violation of the legal right that has created the unfair or deceptive act or

practice must cause the consumer some kind of separate, identifiable harm arising from the violation itself.").

Although not pled with clarity, Jones likewise cannot maintain his c. 93A claim based on an alleged failure to comply with G.L. c. 244, § 35B.  Jones concludes that the Trust did not take "steps to make a good faith effort to avoid foreclosure."  (Amended Complaint, ¶ 97).  Jones merely recites the language of § 35B.  However, § 35B only applies to "Certain mortgage loans" as defined in the statute.  See G.L. c. 244, § 35B(a).  Jones does not make any allegations to establish that § 35B was triggered.

Nonetheless, SPS in the April 26, 2017 notice of rights package provided a notice entitled "Right to Request A Modified Mortgage Loan" to solicit possible loan modification relief consistent with the statute.  (**Exhibit C**).  Jones omits this additional notice of Right to Request A Modified Mortgage Loan, even though Jones pleads the notice of default that was included in the same package.  Further, § 35B merely requires a foreclosing mortgagee to record an affidavit confirming compliance with the statutory requirements.  See Rice v. Wells Fargo Bank, N.A., 2 F.Supp.3d 25, 31-32 (D. Mass. 2014); Clockedile v. U.S. Bank Trust, N.A., 189 F.Supp.3d 312, 317 (D. Mass. 2016).  This Court may take judicial notice of the affidavit recorded on September 13, 2017 in the Registry of Deeds attached hereto at **Exhibit D**.

In addition, although the statute speaks to review for a possible loan modification, the law does not mandate loss mitigation.  In essence, Jones contends that the failure to grant a loan modification violates c. 93A.  The Trust had no legal duty to modify the mortgage loan upon default by Jones.  See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 491 (1st Cir.2013) (no duty to modify or consider modifying mortgage prior to foreclosure where no such obligation exists in the mortgage); Azevedo v. U.S. Bank N.A., 167 F.Supp.3d 166, 172 (D.Mass. 2016)

(rejecting claim that defendants offered plaintiff a loan modification in bad faith because the modification was not affordable, where mortgage did not contain any provision requiring defendants to offer a modification, affordable or otherwise); <u>Santos v. U.S. Bank National Association</u>, 89 Mass.App.Ct. 687, 701, 54 N.E.3d 548, rev. denied 476 Mass. 1103, 63 N.E.3d 387 (2016) ("However, neither the implied covenant nor the duties arising from foreclosure extends to preforeclosure loan modification processing where the mortgage loan documents do not themselves contemplate such modifications."); <u>see</u> <u>also</u> <u>Cabrera v. Sovereign Bank</u>, 2014 WL 1803311, at * 3 (D.Mass. May 7, 2014) (internal citations omitted) ("It follows as a matter of law that the refusal to enter into a loan modification cannot constitute an unfair or deceptive act under Chapter 93A.").

Finally, even though the Trust followed the law, § 35B it is not part of the exercise of the statutory power of sale contained in a mortgage, and a violation does not render a foreclosure void.  <u>See</u> <u>U.S. Bank National Association v. Schumacher</u>, 467 Mass. 421, 430-431, 5 N.E.3d 882 (2014); <u>see</u> <u>also</u> <u>Bank of New York Mellon v. Fernandez</u>, 87 Mass.App.Ct. 1136, 34 N.E.3d 779, rev. denied, 473 Mass. 1102 (2015); <u>Lawrence v. Carrington Mortg. Servs., LLC</u>, 2019 WL 1501579, at *3 (D.Mass. Feb. 7, 2019).  Because Jones brings this action post-foreclosure, Jones must allege facts to establish that the April 9, 2018 foreclosure was fundamentally unfair due to the claimed § 35B violation.  <u>See</u> <u>Lawrence</u>, at *3 (citing <u>Cruz v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n</u>, 32 N.E.3d 370, 2015 WL 3794853, at *2 (Mass.App.Ct. June 19, 2015)).  Jones does not meet this high standard.  Jones' formulaic reliance on § 35B fails to state a claim.

## IV.  CONCLUSION

For the foregoing reasons, Defendants The Bank of New York Mellon, as Trustee, and Select

Portfolio Servicing, Inc. request this Court to dismiss Plaintiff's First Amended Verified Complaint

in its entirety with prejudice.

<div style="margin-left: 40%;">

Respectfully submitted,

**THE BANK OF NEW YORK MELLON, AS TRUSTEE, and SELECT PORTFOLIO SERVICING, INC.,**

By their attorneys,


/s/ Peter F. Carr, II
Peter F. Carr, II (BBO # 600069)
Carson M. Shea (BBO #694237)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com
cshea@eckertseamans.com

</div>

Dated: September 1, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronic copies sent by email to Plaintiff Paul Jones at pj22765@gmail.com and by regular mail, and paper copies sent by regular mail to those other parties which are non-registered participants.

Date:    September 1, 2020                    /s/ Peter F. Carr, II
                                             Peter F. Carr, II

# EXHIBIT A

05-Mar-2013 02:13 PM Bank of America 213-345-7002                                    2/8

Min:   2547-■■■0008-3          Loan Number:  ■■■0008
**ADJUSTABLE RATE NOTE**
(6-Month LIBOR Index - Rate Caps)
(Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST
RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY
INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I
MUST PAY.

JUNE 22, 2004                    TUSTIN                CALIFORNIA
[Date]                           [City]                [State]

572 PARK STREET, STOUGHTON, MASSACHUSETTS 02072
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $274,550.00         (this amount is
called "Principal"), plus interest, to the order of the Lender. The Lender is OPTIMA MORTGAGE
CORPORATION, A CALIFORNIA CORPORATION                                        .
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer
and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of    7.450 %. The interest rate I will pay will change in accordance with Section 4 of this
Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after
any default described in Section 7(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st   day of each month beginning on AUGUST 1
2004        . I will make these payments every month until I have paid all of the principal and interest and
any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its
scheduled due date and will be applied to interest before Principal. If, on JULY 1, 2034
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  15941 REDHILL AVENUE SUITE #100,
TUSTIN, CALIFORNIA 92780
                                  or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $1,910.30         . This
amount may change.

Borrower Initials: P.J.

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index
(Assumable During Life of Loan) (First Business Day Lookback)
Single Family--Freddie Mac MODIFIED INSTRUMENT
Form 5520 3/04                     Page 1 c          DocMagic



610  ■■■31592  N   001   001

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the 1st day of JULY, 2006, and may change on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 950/1000 percentage point(s) ( 6.950 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 8.950 % or less than 6.950 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 500/1000 percentage point(s) ( 1.500 %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 14.450 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY   ** See attached Prepayment Note Addendum.**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

Borrower Initials: _____  _____  _____  _____  _____

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index
(Assumable During Life of Loan) (First Business Day Lookback)
Single Family—Freddie Mac MODIFIED INSTRUMENT
Form 5520 3/04                                    Page 2 of 5

DocMagic @Raxxxx 800-649-1362
www.docmagic.com

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.   My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then:   (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me.   The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.   If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   1.5 calendar days after the date it is due, I will pay a late charge to the Note Holder.   The amount of the charge will be   3.000   % of my overdue payment of principal and interest.   I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount.   That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.   Those expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.   Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.   Any person who takes over these obligations,

Borrower Initials: P.J.  _____  _____   _____   _____

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index
(Assumable During Life of Loan) (First Business Day Lookback)
Single Family—Freddie Mac MODIFIED INSTRUMENT
Form 5820 3/04                                    Page 3 of 5

DocMagic eForms   800-649-1362
www.docmagic.com

including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower Initials: _P. J._

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index
(Assumable During Life of Loan) (First Business Day Lookback)
Single Family--Freddie Mac MODIFIED INSTRUMENT
Form 5520 3/04                                Page 4 of 5

DocMagic 800-649-1362
www.docmagic.com

05-Mar-2013 02:13 PM Bank of America 213-345-1002                                    6/8

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)                    _____ (Seal)
PAUL JONES              -Borrower                                          -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                          -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                          -Borrower

[Sign Original Only]

MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index          DocMagic℮Forms 800-549-1362
(Assumable During Life of Loan) (First Business Day Lookback)             www.docmagic.com
Single Family--Freddie Mac MODIFIED INSTRUMENT
Form 5520 3/04                    Page 3 of 5

05-Mar-2013 02 13 PM Bank of America 213-345-1002                                      7/8

## ALLONGE TO NOTE

LOAN NUMBER: 0640520008

LOAN AMOUNT: $274,550.00

PROPERTY ADDRESS: 572 PARK STREET, STOUGHTON, MASSACHUSETTS 02072

ALLONGE TO NOTE DATED JUNE 22, 2004

IN FAVOR OF OPTIMA MORTGAGE CORPORATION

AND EXECUTED BY PAUL JONES

PAY TO THE ORDER OF:
COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK, N.A.

WITHOUT RECOURSE OPTIMA MORTGAGE CORPORATION

BY

TITLE: **Karen Hellmich**
       **V.P. of Operations**

ALLONGE TO NOTE
05/08/04

DocMagic @time~
www.docmagic.com

PAY TO THE ORDER OF

COUNTRYWIDE HOME LOANS INC.

WITHOUT RECOURSE

COUNTRYWIDE DOCUMENT CUSTODY SERVICES,
A DIVISION OF TREASURY BANK, NA

BY _____
          LAURIE MEDER
          VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY _____
          David A. Spector
          Managing Director

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ██████0008

Date: JUNE 22, 2004

Borrower(s): PAUL JONES

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this    22nd    day of    JUNE,    2004    , and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of OPTIMA MORTGAGE CORPORATION

("Lender") and dated the same date as this Addendum.  Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum.  To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section   5      of the Note is amended to read in its entirety as follows:

5   . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE
I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.
If the Note provides for changes in the interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment.  However, any reduction due to my partial Prepayment may be offset by an interest rate increase.
If I make a full Prepayment of the Note before the date fixed for payment, I will at the same time pay a Prepayment charge equal to the balance of the first year's interest or three (3) months' interest, whichever is less; provided, however, that if I make a full Prepayment within TWENTY-FOUR   (   24   ) months from the date of the Note for the purpose of refinancing with another financial institution, I will pay an additional Prepayment charge equal to three (3) months' interest.



610   ████   1592   PPP   001      001

DocMagic ⟨Ⓔ⟩Ⓕⓡⓜⓢ 800-649-1362
www.docmagic.com

P.J.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

Borrower PAUL JONES                          Date

Borrower                                     Date

Borrower                          Date       Borrower                                     Date

Borrower                          Date       Borrower                                     Date

# EXHIBIT B

_5923/592_

Bk 26162 PS73   $107092
11-21-2008 @ 11:53a

## CONFIRMATORY ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation, which is organized and existing under the laws of United States of America

FOR GOOD AND VALUBLE CONSIDERATION RECEIVED, hereby grants, assigns and transfers to

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, located in c/o Countrywide Home Loans, Inc., 7105 Corporate Drive, Plano, TX 75024

All of the right, title, and interest that said Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation has in and to that certain Mortgage dated June 22, 2004, executed by Paul Jones and recorded with the Norfolk County Registry of Deeds at Book, 22224, Page 219, describing the land therein as 572 Park Street, Stoughton, MA 02072;

TOGETHER with the Note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

*This Assignment of Mortgage is given to confirm and correct the Assignment recorded with said Registry of Deeds on February 25, 2008 at Book 25529, Page 356, in which the effective date was not clearly stated. The correct effective date memorializing the assignment of said Note and Mortgage is October 10, 2006.*

IN WITNESS WHEREOF, Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation has caused these presents to be signed by its duly authorized officer and its corporate seal to be hereunto affixed, this _____ day of ___OCT 2 1 2008___ 2008, *but effective as of October 10, 2006.*

IN THE PRESENCE OF:

Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation

MARK BISHOP
1ST VICE PRESIDENT

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

STATE OF  **TEXAS**
County of  **COLLIN**

On __OCT 2 1 2008__ before me, _____ **JORGE VARGAS** _____ personally appeared MARK BISHOP  1ST VICE PRESIDENT  personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



JORGE VARGAS
My Commission Expires
May 5, 2010

NOTARY PUBLIC SIGNATURE

NOTARY PUBLIC SEAL

. 60.0493 / Jones

610   1592   ASN 001   001

# EXHIBIT C

- This is an important notice concerning your right to live in your home. Have it translated at once.

- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.

- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.

- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.

- 这是一则关於您居住权的重要通知, 请儘快安排翻译。

**90-Day Right to Cure Your Mortgage Default**

April 26, 2017

BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

PAUL JONES
572 PARK STREET
STOUGHTON, MA 02072

RE:  572 PARK STREET,  STOUGHTON, MA 02072; loan ▆▆▆1524 with Select Portfolio Servicing, Inc. (SPS), as servicer for The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7 (c/o SPS, PO Box 65250 Salt Lake City, UT 84165-0250) (Mortgagee); Mortgage Loan Originator: Optima Mortgage Corp.;

To PAUL JONES:

We are contacting you because you did not make your monthly loan payment(s) due on 09/01/2006, 10/01/2006, 11/01/2006, 12/01/2006, 01/01/2007, 02/01/2007, 03/01/2007, 04/01/2007, 05/01/2007, 06/01/2007, 07/01/2007, 08/01/2007, 09/01/2007, 10/01/2007, 11/01/2007, 12/01/2007, 01/01/2008, 02/01/2008, 03/01/2008, 04/01/2008, 05/01/2008, 06/01/2008, 07/01/2008, 08/01/2008, 09/01/2008, 10/01/2008, 11/01/2008, 12/01/2008, 01/01/2009, 02/01/2009, 03/01/2009, 04/01/2009, 05/01/2009, 06/01/2009, 07/01/2009, 08/01/2009, 09/01/2009, 10/01/2009, 11/01/2009, 12/01/2009, 01/01/2010, 02/01/2010, 03/01/2010, 04/01/2010, 05/01/2010, 06/01/2010, 07/01/2010, 08/01/2010, 09/01/2010, 10/01/2010, 11/01/2010, 12/01/2010, 01/01/2011, 02/01/2011, 03/01/2011, 04/01/2011, 05/01/2011, 06/01/2011, 07/01/2011, 08/01/2011, 09/01/2011, 10/01/2011, 11/01/2011, 12/01/2011, 01/01/2012, 02/01/2012, 03/01/2012, 04/01/2012, 05/01/2012, 06/01/2012, 07/01/2012, 08/01/2012, 09/01/2012, 10/01/2012, 11/01/2012, 12/01/2012, 01/01/2013, 02/01/2013, 03/01/2013, 04/01/2013, 05/01/2013, 06/01/2013, 07/01/2013, 08/01/2013, 09/01/2013, 10/01/2013, 11/01/2013, 12/01/2013, 01/01/2014, 02/01/2014, 03/01/2014, 04/01/2014, 05/01/2014, 06/01/2014, 07/01/2014, 08/01/2014, 09/01/2014, 10/01/2014, 11/01/2014, 12/01/2014, 01/01/2015, 02/01/2015, 03/01/2015, 04/01/2015, 05/01/2015, 06/01/2015, 07/01/2015, 08/01/2015, 09/01/2015, 10/01/2015, 11/01/2015, 12/01/2015, 01/01/2016, 02/01/2016, 03/01/2016, 04/01/2016, 05/01/2016, 06/01/2016, 07/01/2016, 08/01/2016, 09/01/2016, 10/01/2016, 11/01/2016, 12/01/2016, 01/01/2017, 02/01/2017, 03/01/2017, 04/01/2017 to SPS. You must pay the past due amount of $344,245.94 on or before July 25, 2017, which is 90 days from the date of this notice. The past due amount on the date of this notice is specified below:



* $2,187.92 Principal & Interest due on 09/01/2006; $2,187.92 Principal & Interest due on 10/01/2006;
$2,187.92 Principal & Interest due on 11/01/2006; $2,187.92 Principal & Interest due on 12/01/2006;
$2,187.92 Principal & Interest due on 01/01/2007; $2,476.26 Principal & Interest due on 02/01/2007;
$2,476.26 Principal & Interest due on 03/01/2007; $2,476.26 Principal & Interest due on 04/01/2007;
$2,476.26 Principal & Interest due on 05/01/2007; $2,476.26 Principal & Interest due on 06/01/2007;
$2,476.26 Principal & Interest due on 07/01/2007; $2,772.95 Principal & Interest due on 08/01/2007;

$2,772.95 Principal & Interest due on 09/01/2007; $2,772.95 Principal & Interest due on 10/01/2007;
$2,772.95 Principal & Interest due on 11/01/2007; $2,772.95 Principal & Interest due on 12/01/2007;
$2,772.95 Principal & Interest due on 01/01/2008; $2,758.00 Principal & Interest due on 02/01/2008;
$2,758.00 Principal & Interest due on 03/01/2008; $2,758.00 Principal & Interest due on 04/01/2008;
$2,758.00 Principal & Interest due on 05/01/2008; $2,758.00 Principal & Interest due on 06/01/2008;
$2,758.00 Principal & Interest due on 07/01/2008; $2,466.11 Principal & Interest due on 08/01/2008;

$2,466.11 Principal & Interest due on 09/01/2008; $2,466.11 Principal & Interest due on 10/01/2008;
$2,466.11 Principal & Interest due on 11/01/2008; $2,466.11 Principal & Interest due on 12/01/2008;
$2,466.11 Principal & Interest due on 01/01/2009; $2,302.22 Principal & Interest due on 02/01/2009;
$2,302.22 Principal & Interest due on 03/01/2009; $2,302.22 Principal & Interest due on 04/01/2009;
$2,302.22 Principal & Interest due on 05/01/2009; $2,302.22 Principal & Interest due on 06/01/2009;
$2,302.22 Principal & Interest due on 07/01/2009; $2,077.59 Principal & Interest due on 08/01/2009;

$2,077.59 Principal & Interest due on 09/01/2009; $2,077.59 Principal & Interest due on 10/01/2009;
$2,077.59 Principal & Interest due on 11/01/2009; $2,077.59 Principal & Interest due on 12/01/2009;
$2,077.59 Principal & Interest due on 01/01/2010; $1,948.80 Principal & Interest due on 02/01/2010;
$1,948.80 Principal & Interest due on 03/01/2010; $1,948.80 Principal & Interest due on 04/01/2010;
$1,948.80 Principal & Interest due on 05/01/2010; $1,948.80 Principal & Interest due on 06/01/2010;
$1,948.80 Principal & Interest due on 07/01/2010; $1,990.79 Principal & Interest due on 08/01/2010;

$1,990.79 Principal & Interest due on 09/01/2010; $1,990.79 Principal & Interest due on 10/01/2010;
$1,990.79 Principal & Interest due on 11/01/2010; $1,990.79 Principal & Interest due on 12/01/2010;
$1,990.79 Principal & Interest due on 01/01/2011; $1,928.78 Principal & Interest due on 02/01/2011;
$1,928.78 Principal & Interest due on 03/01/2011; $1,928.78 Principal & Interest due on 04/01/2011;
$1,928.78 Principal & Interest due on 05/01/2011; $1,928.78 Principal & Interest due on 06/01/2011;
$1,928.78 Principal & Interest due on 07/01/2011; $1,928.78 Principal & Interest due on 08/01/2011;

$1,928.78 Principal & Interest due on 09/01/2011; $1,928.78 Principal & Interest due on 10/01/2011;
$1,928.78 Principal & Interest due on 11/01/2011; $1,928.78 Principal & Interest due on 12/01/2011;
$1,928.78 Principal & Interest due on 01/01/2012; $1,989.03 Principal & Interest due on 02/01/2012;
$1,989.03 Principal & Interest due on 03/01/2012; $1,989.03 Principal & Interest due on 04/01/2012;
$1,989.03 Principal & Interest due on 05/01/2012; $1,989.03 Principal & Interest due on 06/01/2012;
$1,989.03 Principal & Interest due on 07/01/2012; $1,969.15 Principal & Interest due on 08/01/2012;

$1,969.15 Principal & Interest due on 09/01/2012; $1,969.15 Principal & Interest due on 10/01/2012;
$1,969.15 Principal & Interest due on 11/01/2012; $1,969.15 Principal & Interest due on 12/01/2012;
$1,969.15 Principal & Interest due on 01/01/2013; $1,949.66 Principal & Interest due on 02/01/2013;
$1,949.66 Principal & Interest due on 03/01/2013; $1,949.66 Principal & Interest due on 04/01/2013;
$1,949.66 Principal & Interest due on 05/01/2013; $1,949.66 Principal & Interest due on 06/01/2013;
$1,949.66 Principal & Interest due on 07/01/2013; $1,930.57 Principal & Interest due on 08/01/2013;

$1,930.57 Principal & Interest due on 09/01/2013; $1,930.57 Principal & Interest due on 10/01/2013; $1,930.57 Principal & Interest due on 11/01/2013; $1,930.57 Principal & Interest due on 12/01/2013; $1,930.57 Principal & Interest due on 01/01/2014; $1,911.88 Principal & Interest due on 02/01/2014; $1,911.88 Principal & Interest due on 03/01/2014; $1,911.88 Principal & Interest due on 04/01/2014; $1,911.88 Principal & Interest due on 05/01/2014; $1,911.88 Principal & Interest due on 06/01/2014; $1,911.88 Principal & Interest due on 07/01/2014; $1,911.88 Principal & Interest due on 08/01/2014;

$1,911.88 Principal & Interest due on 09/01/2014; $1,911.88 Principal & Interest due on 10/01/2014; $1,911.88 Principal & Interest due on 11/01/2014; $1,911.88 Principal & Interest due on 12/01/2014; $1,911.88 Principal & Interest due on 01/01/2015; $1,911.88 Principal & Interest due on 02/01/2015; $1,911.88 Principal & Interest due on 03/01/2015; $1,911.88 Principal & Interest due on 04/01/2015; $1,911.88 Principal & Interest due on 05/01/2015; $1,911.88 Principal & Interest due on 06/01/2015; $1,911.88 Principal & Interest due on 07/01/2015; $1,929.58 Principal & Interest due on 08/01/2015;

$1,929.58 Principal & Interest due on 09/01/2015; $1,929.58 Principal & Interest due on 10/01/2015; $1,929.58 Principal & Interest due on 11/01/2015; $1,929.58 Principal & Interest due on 12/01/2015; $1,929.58 Principal & Interest due on 01/01/2016; $1,964.53 Principal & Interest due on 02/01/2016; $1,964.53 Principal & Interest due on 03/01/2016; $1,964.53 Principal & Interest due on 04/01/2016; $1,964.53 Principal & Interest due on 05/01/2016; $1,964.53 Principal & Interest due on 06/01/2016; $1,964.53 Principal & Interest due on 07/01/2016; $2,016.47 Principal & Interest due on 08/01/2016;

$2,016.47 Principal & Interest due on 09/01/2016; $2,016.47 Principal & Interest due on 10/01/2016; $2,016.47 Principal & Interest due on 11/01/2016; $2,016.47 Principal & Interest due on 12/01/2016; $2,016.47 Principal & Interest due on 01/01/2017; $2,050.77 Principal & Interest due on 02/01/2017; $2,050.77 Principal & Interest due on 03/01/2017; $2,050.77 Principal & Interest due on 04/01/2017;

- $73,467.76 Outstanding Escrow Balance;

* $876.81 Late Charge due on 07/21/2015

If you pay the past due amount, and any additional monthly payments, late charges or fees that may become due between the date of this notice and the date when you make your payment, your account will be considered up-to-date and you can continue to make your regular monthly payments.

Make your payment directly to:

> Select Portfolio Servicing, Inc.
> Attn:  Cashiering Department
> PO Box 65450 Salt Lake City, UT 84165-0450

Please consider the following:

- You should contact the Homeownership Preservation Foundation (888-995-HOPE) to speak with counselors who can provide assistance and may be able to help you work with your lender to avoid foreclosure.

- If you are a MassHousing borrower, you may also contact MassHousing (888-843-6423) to determine if you are eligible for additional assistance. There may be other homeownership assistance available through your lender or servicer;

- You may also contact the Division of Banks (617-956-1500) or visit www.mass.gov/foreclosures to find a foreclosure prevention program near you;



- After July 25, 2017, you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place. Depending on the terms of the loan, there may also be other ways to avoid foreclosure, such as selling your property, refinancing your loan, or voluntarily transferring ownership of the property to The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7.

**If you do not pay the total past due amount of $344,245.94 and any additional payments that may become due by July 25, 2017, you may be evicted from your home after a foreclosure sale. If The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7 forecloses on this property, it means the mortgagee or a new buyer will take over the ownership of your home.**

If you have questions, or disagree with the calculation of your past due balance, please contact SPS at 800-635-9698 or PO Box 65277 Salt Lake City, UT 84165-0277.

Sincerely,

Lindsey Clissold
Vice President, Quality Control Department
Select Portfolio Servicing, Inc.

Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.



April 26, 2017

PAUL JONES
572 PARK STREET
STOUGHTON, MA 02072

Re:  Account Number:      ████1524
     Property Address:   572 PARK STREET
                         STOUGHTON, MA 02072

Dear Customer(s):

This letter provides additional information about your mortgage loan default and is intended to complement the enclosed "90 Day Right to Cure Your Mortgage Default" (the "90 Day Notice"). In the event of any conflict between the terms of this letter and those contained in the 90 Day Notice, the terms of the 90 Day Notice will control.

As noted in the 90 Day Notice, the mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). Select Portfolio Servicing, Inc. (SPS) services your mortgage loan and has been instructed on behalf of the holder of the promissory note to pursue remedies under the Security Instrument unless you take action to cure the default as detailed in the 90 Day Notice.

**Possible Consequences of Default**
If we do not receive the past due amount by the date listed in the 90 Day Notice, or some loss mitigation alternative to foreclosure has not started, SPS may initiate foreclosure and require immediate payment in full of the entire outstanding unpaid amount on the account. In other words, failure to cure the default on or before July 25, 2017 may result in acceleration of sums secured by the Security Instrument and sale of the Property. If that happens, you may lose your home. A foreclosure will result in the involuntary loss of the property via sale to the lender, or another person may acquire the property by means of foreclosure and sale, and you may be evicted. Once foreclosure is initiated, additional amounts for legal fees and costs may be incurred.  These sums can be significant. They may be added to amounts secured by the Security Instrument, and they may be required to be paid, to the extent permitted by law, if you wish to reinstate or satisfy the loan after foreclosure is initiated.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:                              Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**              **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**   **Attn: Remittance Processing**
                                                  **3217 S. Decker Lake Dr Salt Lake City, UT 84119**

Payments may be submitted in the following forms:

(a) Personal check
(b) Money order
(c) Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.



(d) Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
(e) Western Union Quick Collect. Reference the loan number above and deliver to Code City: Oswald, Code State: UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at www.spservicing.com. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service, which may be up to $15.00.

SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.

If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com. Our representatives are available by phone Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below. Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-258-8602.

**Your Rights**
If you wish to dispute your delinquency or the correctness of the past due amount listed in the 90 Day Notice, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

You have the right to reinstate after acceleration of your loan and commencement of foreclosure proceedings. If you reinstate, the Security Instrument shall remain fully effective as if no acceleration had occurred.

You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

A review of the HUD-1 specifies that Optima Mortgage Corp. was listed as your mortgage broker/originator for this mortgage. We are supplying this information as required by the Commonwealth of Massachusetts.

**Counseling**
HUD approved home ownership counseling may be available to you. You should call (800) 569-4287 or TDD (800) 877-8339, or go to HUD's website at www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm to find the HUD-approved housing counseling agency nearest you. You may be eligible for assistance from the Homeownership Preservation Foundation, which may be reached at the Homeowner's HOPE™ Hotline at 888-995-HOPE™ (888-995-4673) or at their website, www.995hope.org, or you make seek help from another non-profit foreclosure avoidance agency.

Financial assistance may be available to you from programs operated by the State or Federal Government. Below is a list of Government agencies that you may wish to contact or ascertain whether you qualify for assistance.

| | |
|---|---|
| **Massachusetts Division of Banks** | (617) 956-1500 |
| **Massachusetts Housing Finance Agency** | (617) 854-1000, (413) 733-0999 or (800) 439-2370 |
| | www.masshousing.com |
| **HUD Approved Housing Counseling** | (800) 569-4287 |
| | https://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm |
| **Veterans Administration** | (800) 827-1000 |
| **HOPE Hotline** | (888) 995-HOPE (4673) |

You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**



- This is an important notice concerning your right to live in your home. Have it translated at once.

- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.

- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.

- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.

- 这是一则关于您居住权的重要通知，请儘快安排翻译。

## RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN

April 26, 2017

BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

PAUL JONES
572 PARK STREET
STOUGHTON, MA 02072

RE:   572 PARK STREET,   STOUGHTON, MA 02072; loan ▮▮▮▮1524 with Select Portfolio Servicing, Inc. (SPS), as servicer for The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7 (c/o SPS, PO Box 65250 Salt Lake City, UT 84165-0250) (Mortgagee); Mortgage Loan Originator: Optima Mortgage Corp..

To PAUL JONES:

We are contacting you because our records indicate you are eligible to request a modification of your mortgage with SPS. If you want to request a loan modification or other foreclosure alternative option, you must complete and return the enclosed Mortgage Modification Options form along with any supporting information no later than May 26, 2017. The Mortgage Modification Options form and any supporting documents must be returned by certified mail or similar service to SPS. We will respond to your request within 30 days of its receipt.

Please be aware this notice of Right to Request a Modified Mortgage Loan is different from the Right to Cure Your Mortgage Default notice that you may have already received. *The enclosed Mortgage Modification Options form provides you with four choices. These choices impact the options under the Right to Cure notice and should be carefully considered.* If you do not want to request a loan modification, you must still return the enclosed Mortgage Modification Options form. Please keep a copy of everything you send to us and keep proof of mailing the materials to us.

**If you do not return the enclosed Mortgage Modification Options form and a completed loan modification application by May 26, 2017 your right to cure your mortgage default will end on July 25, 2017.**

If you have questions, please contact SPS at 888-818-6032 or PO Box 65250 Salt Lake City, UT 84165-0250. If you would like assistance from the Attorney General's Office, you may contact the HomeCorps hotline at 617-573-5333 to speak with a loan modification specialist who can assist you.



▮▮▮▮1200

We suggest you mention this notice when you call.

Sincerely,

Lindsey Clissold
Vice President, Quality Control Department
Select Portfolio Servicing, Inc.

Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.

Enclosures:

- Mortgage Modification Options Form
- Request for Mortgage Assistance Form
- IRS Form 4506-T

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

**MORTGAGE MODIFICATION OPTIONS**

You must return this form in the enclosed envelope by May 26, 2017

PAUL JONES
572 PARK STREET
STOUGHTON, MA 02072

RE: 572 PARK STREET, STOUGHTON, MA 02072; loan 0017631524 with Select Portfolio Servicing, Inc. (SPS).

To PAUL JONES:

You must check one of the following boxes to notify SPS of how you would like to proceed.

☐ I would like to request a loan modification. I have attached a complete statement of my income and list of assets, total debts and obligations as requested by the creditor in the form(s) which accompanied the Right to Request a Modified Mortgage Loan Notice. I maintain my right to a 90 day period to cure my mortgage default.

☐ I would like to request a different foreclosure alternative such as a short sale or deed-in lieu of foreclosure. I maintain my right to a 90 day period to cure my mortgage default.

☐ I do not want to request a loan modification or any foreclosure alternative. I maintain my right to a 90 day period to cure my mortgage default.

☐ I want to waive my right to cure the default on my mortgage loan and proceed to foreclosure. I understand that by choosing this option I waive the remaining time, if any, of my right to the 90 day cure period.

_____          _____

Borrower Name                            Date

_____

Borrower Telephone



LP321                                    1200                              3/4



**REQUIRED INFORMATION NOTICE**

Dear Customer(s):

Select Portfolio Servicing, Inc. (SPS) offers assistance options designed for customers who are experiencing temporary or permanent hardship and we look to forward to working with you.

In order for us to review your request for assistance, you must first submit a complete loss mitigation application. This letter describes the Required Information you are required to submit to us in connection with a complete application for available loss mitigation options. We have many assistance options designed for customers who are experiencing temporary or permanent hardships. These options are offered at no cost to our customers and may include structured repayment plans, modifications, or account settlement alternatives, such as short sales or deeds in lieu of foreclosure. If your property also secures other accounts, you should consider contacting the servicer(s) of those accounts to discuss available loss mitigation options.

Please contact SPS immediately if you have any questions. Once we have received all Required Information, you will receive an acknowledgement from SPS that we have a complete application and can begin our review. If you have recently provided documents, they will be included as part of our review.

**If there is a foreclosure sale scheduled for your home in the next thirty (30) days you are required to send all documentation via overnight mail with delivery confirmation.** Please know that while we are evaluating your complete application, your account will not be referred to foreclosure nor will it be sold at a foreclosure sale if the foreclosure process has already been initiated. If a foreclosure sale has already been scheduled we will instruct our attorney to file a motion (or other similar action) to postpone such sale. It is possible however that a court will deny the motion and the sale will proceed. If that happens we will be unable to provide loss mitigation. If you are unsure if there is a sale scheduled for the property in the next thirty (30) days please contact us immediately at 888-818-6032. All documents sent via overnight mail must be addressed to:

**Select Portfolio Servicing, Inc.**
**3217 S. Decker Lake Dr Salt Lake City, UT 84119**

As noted above, in order for us to review your account for all available loss mitigation programs we require a complete application, which requires you to submit all Required Information. The Required Information are described below. To aid in identifying your documents, should they be sent separately or get separated, please include your account number on the bottom of all pages. You may fax, email, or mail the Required Information to:

**Select Portfolio Servicing, Inc.**
**PO Box 65250 Salt Lake City, UT 84165-0250**
**Fax: 866-867-3019**
**Email: Relationship.Manager@SPServicing.com**
**Website: www.spservicing.com**

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. Once we have received your complete application and any necessary third party approvals, you will be evaluated for all loss mitigation options available to you and the results will be sent to you within thirty (30) days after we receive your complete application. This notification will provide, as applicable:

- Details of the loss mitigation program for which you are approved, including, any information on how and when you must accept the offer, which at a minimum will be 14 days.
- Names of all loss mitigation programs for which you were evaluated but not approved, including, the results of any Net Present Value (NPV) tests if applicable.
- Information on how to appeal the denial of a modification plan if applicable.



**This is an important notice to provide the Required Information. Time is of the essence!**

Please know that you are entitled to a copy of the property valuation report we may order in connection with any applicable account modification review. We will send the valuation report to you upon completion of the valuation.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

<div align="center">

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

</div>

At SPS, any of our trained servicing representatives can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact our Loan Resolution Department. Our toll-free number is 888-818-6032, and representatives are available Monday through Thursday between the hours of Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

If you would like to speak with a HUD approved counselor, call the Homeowner's HOPE™ Hotline 888-995-HOPE (4673). The Homeowner's HOPE™ Hotline offers free HUD-certified counseling services and is available 24/7 in English and Spanish. Other languages are available by appointment.

Sincerely,

Select Portfolio Servicing, Inc.

<div align="center">

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

</div>

<div align="center">

**Required Information**

</div>

| RMA/Hardship Affidavit | A completed Request For Mortgage Assistance signed by all customers. This form, or an attached letter, must contain a detailed explanation of the hardship, including information on when the hardship began. A copy of this document is enclosed with this letter or it can be obtained from our website at www.spservicing.com or by calling 888-818-6032. |
|---|---|
| Profit and Loss Statement | **For each customer who is self-employed:**<br>• Each self-employed borrower customer must provide copies of each of the most recent quarterly or year-to-date profit and loss statement, covering at least a three (3) month period, for each business owned. The statement must include the business name, income, cost of goods sold, other income, expenses, net income after expenses and period start and end dates (for example 10/1/2012 through 12/31/2012). The statement must be signed and dated by the customer. If you are no longer self-employed, please provide a copy of your cancelled business license or letter of explanation.<br>• K-1 / Tax Form 1120S or 1065B – A copy of the shareholder's share of income for self-employment income listed on Schedule E of your recent tax returns for verification of percentage of ownership. |

| | |
|---|---|
| Rental Income | **For each customer who has rental income:**<br>• Copies of the 2 (two) most recent payments evidencing receipt of income, such as a bank statement or canceled check, and<br>• The current lease agreement for all rental properties, and<br>• Copies of the most recent years filed federal tax returns with all schedules, including Schedule E – Supplemental Income and Loss. Rental income for qualifying purposes will be 75% of the gross rent minus any mortgage-related expenses for the property. |
| Social Security Benefits | **For each customer with social security income:**<br>• A monthly statement or document from the government to verify all of the social security income of each customer. All documents must be less than 90 days old at the time of submission, and<br>• A copy of the two (2) most recent bank statement(s), including all pages, or copies of the two most recent benefit checks evidencing receipt of income. |
| Retirement Income | **For each customer with retirement income:**<br>• A monthly statement or document from the provider to verify all of the retirement income of each customer. All documents must be less than 90 days old at the time of submission, and<br>• A copy of the two (2) most recent bank statement(s), including all pages, or copies of the two most recent checks evidencing receipt of retirement income. |
| Insurance Benefit Income | **For each customer with insurance benefit income:**<br>• A monthly statement or document from the provider to verify all of the benefit income of each customer. All documents must be less than 90 days old at the time of submission, and<br>• A copy of the two (2) most recent bank statement(s), including all pages, or copies of the two most recent benefit checks evidencing receipt of insurance benefit income. |
| Disability Income | **For each customer with disability income:**<br>• A monthly statement or document from the government or provider to verify all of the disability income of each customer. All documents must be less than 90 days old at the time of submission, and<br>• A copy of the two (2) most recent bank statement(s), including all pages, or copies of the two most recent checks evidencing receipt of disability income. |
| Pension Income | **For each customer with pension income:**<br>• A monthly statement or document from the pension provider to verify all of the pension income of each customer. All documents must be less than 90 days old at the time of submission, and<br>• A copy of the two (2) most recent bank statement(s), including all pages, or copies of the two most recent checks evidencing receipt of pension income. |
| Public Assistance  Income | **For each customer with public assistance:**<br>• Copy of benefit statement or award letter for each income source or letter from the provider that states the amount, frequency, and duration of the benefit. Public assistance must continue for at least nine (9) months to be considered qualifying income<br>• Your two (2) most recent monthly bank statements or copies of the two most recent benefit checks or two most recent monthly online statements for public assistance EBT card recipients. |
| Unemployment Income | **For each customer with unemployment income:**<br>• Copy of benefit statement or letter from the provider that states the amount, frequency, and duration of the benefit. Unemployment benefits must continue for at least nine (9) months to be considered qualifying income.<br>• Your two (2) most recent monthly bank statements or copies of the two most recent benefit checks. |



| | |
|---|---|
| Alimony | **For each customer who is relying on alimony (Please note: you do not need to provide this information if you do not want us to consider it in our review):**<br>• Copy of divorce decree, separation agreement or other written agreement or decree that states the amount of alimony and period of time over which it will be received. Payments must continue for at least three (3) years to be considered qualifying income under this program; and<br>• Evidence of, regular, and timely payments for at least two (2) months; for example deposit slips, copies of bank statements, court verification. All documents must be less than 90 days old at the time of submission. The most recent years filed federal tax return, with all schedules, evidencing receipt of the income is also acceptable. |
| Child Support | **For each customer who is relying on child support (Please note: you do not need to provide this information if you do not want us to consider it in our review):**<br>• Copy of divorce decree, separation agreement or other written agreement or decree that states the amount of support and period of time over which it will be received. Payments must continue for at least three (3) years to be considered qualifying income under this program; and<br>• Evidence of, regular, and timely payments for at least two (2) months; for example deposit slips, copies of bank statements, court verification. All documents must be less than 90 days old at the time of submission. The most recent years filed federal tax return, with all schedules, evidencing receipt of the income is also acceptable. |
| Bank Statements | **For each customer who has checking and savings accounts:**<br>• A copy of the three (3) most recent statement(s) for all accounts, including all pages.<br>**For customer who owns publicly traded securities or other investments:**<br>• A copy of the most recent quarterly or a minimum of three (3) months consecutive statements for each publicly traded securities account (for example, stocks and bonds) or other investment accounts held such as 401K, trust funds, annuities, and dividends . |
| Proof of Occupancy | We need two (2) forms of verification that you occupy the property as your primary residence. For any individual who is not on the account that is contributing income to help support the mortgage payments, we need to verify their occupancy as well.<br>**At least one of the following is required:**<br>• Current year's signed tax return<br>• Most recent bank statement<br>• Most recent pay check stub<br>• Property tax bill<br>• Homeowner Insurance declaration<br>• Vehicle registration<br>**If you are only able to supply one item from the above list, the second form of verification may include:**<br>• A gas or electric utility bill reflecting both the mailing and service address.<br>**For customers that receive mail through a post office box,** a letter from your local post office stating the physical address provided at the time the post office box was opened is acceptable. |
| Non-Customer Credit Check Authorization | For each non-customer (defined as a spouse, domestic partner, relative, or fiancé who resides in the customer's primary residence, and whose income is being utilized towards mortgage-related expenses) residing in the customer's primary residence, we must obtain written authorization from the non-customer to obtain a copy of their credit report.<br><br>This document is used to obtain a credit report to verify the occupancy of the non-customer, as well as confirm the amount or percentage of the non-customer's income contributed. A copy of this document is enclosed or can be obtained from our website at www.spservicing.com or by calling 888-818-6032. |

| Non-Customer Income | For each non-customer (defined as your spouse, domestic partner, relative, or fiancé who resides in your primary residence, and whose income is being utilized towards mortgage-related expenses), the non-customer must provide income documentation (pay stubs, profit and loss statement, Social Security benefits statement, or other recurring income sources) for each source of income. |
| --- | --- |
| Homeowners Association | For properties that are part of a homeowners or condominium association, we must obtain a letter or a bill reflecting the dues and frequency paid. |



Form **4506-T**

(Rev. September 2015)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

► Do not sign this form unless all applicable lines have been completed.
► Request may be rejected if the form is incomplete or illegible.
► For more information about Form 4506-T, visit www.irs.gov/form4506t.

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number or individual taxpayer identification number if joint tax return |

3  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

4  Previous address shown on the last return filed if different from line 3 (see instructions)

5  If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Select Portfolio Servicing, Inc., PO Box 65250, Salt Lake City, UT 84165-0250, 888-818-6032

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

6  Transcript requested. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ►  1040

a  **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days  . . . . . . . ☐

b  **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days  . ☐

c  **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days  . . . . . . . ☐

7  **Verification of Nonfiling,** which is proof from the IRS that you did not file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . . . ☐

8  **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☐

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

9  Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.   | 12 / 31 / 2015 | 12 / 31 / 2014 | 12 / 31 / 2013 | / / |

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** For transcripts being sent to a third party, this form must be received within 120 days of the signature date.

☐ Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T. See instructions.

Phone number of taxpayer on line 1a or 2a

|  |  |
|---|---|
| **Sign Here** ► Signature (see instructions) | Date |
| ► Title (if line 1a above is a corporation, partnership, estate, or trust) |  |
| ► Spouse's signature | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.       Cat. No. 37667N       Form **4506-T** (Rev. 9-2015)



Form 4506-T (Rev. 9-2015)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to www.irs.gov/form4506t. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that request was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts
### (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| | 512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| | 559-456-7227 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |
| | 816-292-6102 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| | 801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |
| | 859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 **You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.**

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see Where to file on this page.

# EXHIBIT D

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*William P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

Bk 35439 Pg94   $86857
09-13-2017 @ 12:08p

**Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C**

**Property Address:** 572 Park Street, Stoughton, MA 02072

**Mortgage:** Mortgage from Paul Jones to Mortgage Electronic Registration Systems, Inc., as nominee for Optima Mortgage Corporation, its successors and assigns, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds at Book 22224, Page 219

**Assigned to:** Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by assignment recorded in said Registry of Deeds in Book 25529, Page 356, assigned to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by assignment recorded in said Registry of Deeds in Book 26162, Page 573.

**Foreclosing Mortgage:** The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7

The undersigned, _____ Latdy Dara _____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1. I am a _____ Document Control Officer _____ of Select Portfolio Servicing, Inc. ("SPS"), attorney-in-fact and duly authorized agent for The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7, the Foreclosing Mortgagee.
2. As a mortgage servicer, SPS collects payments from borrowers and maintains up-to-date electronic records concerning the loans it services in its electronic record-keeping system. I have access to SPS's business records, including the business records for and relating to the subject loan. I make this affidavit based upon my review of those records relating to the Borrower(s)'s loan and from my own personal knowledge of how the records are kept and maintained. The loan records are maintained by SPS in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with personal knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.
3. To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into SPS's systems, such that the prior servicer's records concerning the loan are now part of SPS's business records. SPS maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. It is the regular practice of SPS to integrate prior servicers' records into SPS's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SPS as part of SPS's business records.
4. Based upon my review of SPS's business records, I certify that:
   a. [✓] The requirements of M.G.L. Chapter 244 Section 35B have been complied with.
      [ ] M.G.L. Chapter 244 Section 35B is not applicable to the above-referenced mortgage.
   b. On this date, The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7 is:
      [✓] the holder of the promissory note secured by the above-referenced mortgage.
      [ ] the authorized agent of the holder of the promissory note secured by the above referenced mortgage.

Property Address: 572 Park Street, Stoughton, MA 02072

1

15/231/35BAC_DR   002

Bk 35439 Pg95 #86857

Signed under the pains and penalties of perjury this __6th__ day of __September__, 20 __17__.

By: _____ 9-6-17

Name: _____ Latdy Dara _____

Title: _____ Document Control Officer _____
Select Portfolio Servicing, Inc.

Date: _____ 9-6-17 _____

STATE OF UTAH

COUNTY OF SALT LAKE

Subscribed before me on this __6__ day of __Sept__, in the year 20 __17__ by __Latdy Dara__   Personally Known ____, a __Document Control Officer__ of Select Portfolio Servicing, Inc., proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief. Witness my hand and official seal.

_____
Notary Public

STEPHANIE JOLLEY
Notary Public  State of Utah
My Commission Expires on:
September 6, 2017
Comm. Number: 670003

Property Address: 572 Park Street, Stoughton, MA 02072

2

1115/231/35BAC_DR                                          002

# EXHIBIT E

> Code of Massachusetts Regulations
>    Title 209: Division of Banks and Loan Agencies
>       Chapter 56.00: Foreclosure Prevention Options (Refs & Annos)

209 CMR 56.04

## 56.04: Right to Cure Notice

*Currentness*

In accordance with 209 CMR 56.03, the "90-day Right to Cure Your Mortgage Default" notice must conform to the following:

---

- This is an important notice concerning your right to live in your home. Have it translated at once.
- Esta carta explica sus derechos legales para permanezer en su propiedad de vivienda. Por favor traduzca esta notificacion imediatamente.
- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.
- C'est une notification importante au sujet de votre droite de vivre dans votre maison. La font traduire immédiatement.
- 这是一则关於您居住权的重要通知。请速快安排翻译。

---

**90-day Right to Cure Your Mortgage Default**

[Date]

[POSTAL DELIVERY METHOD]

**[Recipient Name]**

**[Street Address]**

**[City, ST ZIP Code]**

RE: [PROPERTY ADDRESS]; loan [ACCOUNT NO.] with [MORTGAGEE]; [MORTGAGE BROKER/LOAN ORIGINATOR, if applicable]

To [NAME OF BORROWER/S]:

We are contacting you because you did not make your monthly loan payment[s] due on [MORTGAGE PAYMENT DUE DATE/S] to [MORTGAGEE]. You must pay the past due amount of [PAYABLE AMOUNT] on or before [90 DAY EXPIRATION DATE], which is 90 days from the date of this notice. The past due amount on the date of this notice is specified below:

● [UNPAID MORTGAGE PAYMENTS AND DELINQUENCY DATES]

---

● [INTEREST ACCRUED/PER DIEM INTEREST]

● [APPLICABLE UNPAID ESCROW CONTRIBUTIONS]

● [OTHER LATE CHARGES OR FEES]

If you pay the past due amount, and any additional monthly payments, late charges or fees that may become due between the date of this notice and the date when you make your payment, your account will be considered up-to-date and you can continue to make your regular monthly payments.

Make your payment directly to:

[INCLUDE THE NAME OF PAYMENT CONTACT, DEPARTMENT AND ADDRESS at the MORTGAGEE'S LOCATION].

Please consider the following:

● You should contact the Homeownership Preservation Foundation (888-995-HOPE) to speak with counselors who can provide assistance and may be able to help you work with your lender to avoid foreclosure.

● If you are a MassHousing borrower, you may also contact MassHousing (888-843-6432) to determine if you are eligible for additional assistance. There may be other homeownership assistance available through your lender or servicer.

● You may also contact the Division of Banks (617-956-1500) or visit www.mass.gov/foreclosures to find a foreclosure prevention program near you.

● After [90 DAY EXPIRATION DATE], you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place. Depending on the terms of the loan, there may also be other ways to avoid foreclosure, such as selling your property, refinancing your loan, or voluntarily transferring ownership of the property to [MORTGAGEE].

**If you do not pay the total past due amount of [PAYABLE AMOUNT] and any additional payments that may become due by [90 DAY EXPIRATION DATE], you may be evicted from your home after a foreclosure sale. If [MORTGAGEE] forecloses on this property, it means the mortgagee or a new buyer will take over the ownership of your home.**

If you have questions, or disagree with the calculation of your past due balance, please contact [MORTGAGEE] at [LOCAL OR TOLL FREE TELEPHONE NUMBER, EXTENSION NUMBER] or [ADDRESS].

Sincerely,

[Your Name]

Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.

The Massachusetts Administrative Code titles are current through Register No. 1423, dated August 7, 2020. Some sections may be more current; see credits for details.

Mass. Regs. Code tit. 209, § 56.04, 209 MA ADC 56.04

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.