UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
PAUL JONES,                                 )
                                            )
            Plaintiff,                       )
                                            )        Civil Action No.
      v.                                     )        20-10800-FDS
                                            )
SANDRA ROBINSON,                            )
                                            )
            Defendant.                       )
_____)


MEMORANDUM AND ORDER ON
DEFAULT JUDGMENT AND
SHOW CAUSE ORDER

SAYLOR, C.J.

      This action arises out of a mortgage foreclosure.  Plaintiff Paul Jones, proceeding *pro se*,

brought this action against defendants the Bank of New York Mellon ("BNY"), Select Portfolio

Servicing, Inc. ("SPS"), and Sandra Robinson, seeking to void the foreclosure and to obtain

damages for unfair and deceptive acts or practices.  The first amended verified complaint sought

to void the foreclosure based upon (1) violations of Mass. Gen. Laws ch. 183, § 21 (Count One);

(2) violations of Mass. Gen. Laws ch. 244, § 15A (Count Two); and (3) failure to comply with

paragraph 19 of the mortgage (Count Four).  In addition, it contended that defendants committed

unfair and deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A, § 9 (Count

Three).

      BNY and SPS moved to dismiss the complaint for failure to state a claim upon which

relief can be granted.  This Court granted that motion on June 3, 2021.  Defendant Robinson was

served with process, but did not answer or otherwise respond to the complaint.  The clerk then

entered a default as to her.  Plaintiff has now moved for default judgment.  For the following reasons, the motion for default judgment will be denied, the entry of default will be vacated, and plaintiff Jones will be ordered to show cause in writing as to why this matter should not be dismissed for lack of personal jurisdiction over defendant Robinson.

I.     **Background**

Unless otherwise noted, the following facts are drawn from the first amended verified complaint.

    A.     **Parties**

Paul Jones is a resident of Stoughton, Massachusetts.  He was the homeowner and mortgagor in the underlying foreclosure matters.

Sandra J. Robinson is a resident of Aubrey, Texas.  She was, at the relevant time, a notary public in Texas and an employee of Countrywide/Bank of America.

    B.     **Factual and Procedural Background**

On June 22, 2004, Jones executed a note in the amount of $274,550 with Optima Mortgage Corporation ("Optima").  (Dkt No. 11, First Am. Compl. ¶ 14; *id.*, Ex. 1 at 1).  That same day, Optima executed an allonge that granted its interest in the note to Countrywide Document Custody Services, which in turn endorsed the note to Countrywide Home Loans, Inc. (First Am. Compl. ¶ 14; *id.*, Ex. 1 at 7-8).  Also on that day, as security for the note, Jones granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Optima, a mortgage on his property at 572 Park Street in Stoughton, Massachusetts.  (First Am. Compl. ¶¶ 12, 15; Dkt. No. 1, Compl., Ex. 1 at 1).

On September 28, 2004, Countrywide Home Loans, Inc. entered into a pooling and servicing agreement ("PSA") with several other banks, and sold certain loans to CWABS, Inc. Asset-Backed Certificates, Series 2004-7, a securitized trust.  (*See, e.g.*, First Am. Compl. ¶¶ 64,

66, 73 (referring to the PSA); *see generally* Dkt. No. 24, Pl. Ex. 1).  The complaint alleges that Jones's note was part of the agreement.  (First Am. Compl. ¶ 73).  BNY was the trustee of CWABS.  (Pl. Ex. 1 at 1).

In 2005, Jones fell behind on his mortgage payments.  (*Id*. ¶¶ 15-17).  It appears that he occupied the property and failed to make payments on the loan for the next thirteen years.  (First Am. Compl. ¶ 30 (referring to Apr. 26, 2017 notice of default); Dkt. No. 20, Defs. Ex. C at 1).

On October 21, 2008, MERS and BNY executed a confirmatory assignment of the mortgage.  (*See* First Am. Compl. ¶¶ 26, 58 (referring to the confirmatory assignment); Defs. Ex. B at 1).  That assignment stated that the effective date of the assignment to BNY was October 10, 2006.  (*Id.*).  There is also a third assignment of the mortgage from MERS to BNY that appears the same as the confirmatory assignment of mortgage, except that, among other items, the October 10, 2006 date has been crossed out and handwritten instead as January 25, 2008.  (First Am. Compl. ¶¶ 26, 58; Compl., Ex. 8 at 1).  Tiffany Skaife, the assistant secretary of MERS, signed the third assignment.  (*Id.*).  It was notarized by Robinson.  (*Id.*).  The complaint alleges that assignment is void because Robinson did not notarize the document in strict compliance with Texas law.  (*See* First Am. Compl. ¶¶ 40-43 (alleging that she left certain boxes blank and failed to keep a notary log of records as required by law)).

At some point, SPS became the servicer of the mortgage.  (*Id.* ¶ 85).  On April 26, 2017, SPS sent Jones a mortgage statement stating that he had defaulted on his loan and that his account had been accelerated.  (*Id.* ¶ 30; Defs. Ex. C at 1).  On April 9, 2018, following that notice, BNY foreclosed on the property.  (*Id.* ¶ 37).

On April 24, 2020, plaintiff Jones filed the complaint in this action, followed by an amended complaint on July 27, 2020, and a second amended complaint on July 30, 2020.

Defendants BNY and SPS moved to dismiss the complaint on September 1, 2020, for failure to state a claim upon which relief can be granted. This Court granted that motion, leaving Sandra Robinson as the only defendant.

Plaintiff filed a return of service as to Sandra Robinson indicating that she had been served in person at her home in Texas on July 27, 2020. (Dkt. No. 39, New Mot. for Entry of Default, Ex. 1 at 3). When she failed to answer or otherwise respond to the complaint, the clerk entered a default against her on September 22, 2021. Plaintiff has now moved for default judgment as to defendant Robinson.

## II.    Standard of Review

As an initial matter, a court must look to whether it has personal jurisdiction over a defaulting defendant. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing personal jurisdiction, the court . . . exercises its responsibility to determine that it has the power to enter the default judgment." *Weininger v. Castro*, 462 F. Supp. 2d 457, 490-91 (S.D.N.Y. 2006) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)) (additional citations omitted); *see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant . . . ."). "[A]n entry of default must be vacated if it is found to be unsupported by jurisdiction." *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513, 515 (E.D.N.Y. 1982). Accordingly, this Court will conduct an analysis of whether it has personal jurisdiction over defendant Robinson.

## III.   Analysis

This Court will assume, without deciding, that proper service of process was effected on

July 27, 2020, when Robinson was personally served at her residence in Texas.  However, even if service of process was proper, this Court must still have personal jurisdiction over Robinson before it can grant a motion for default judgment.

The exercise of personal jurisdiction over a defendant must be authorized by statute and be consistent with the due-process requirements of the United States Constitution.  *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 712 (1st Cir.1996); *Intech, Inc. v. Triple "C" Marine Salvage, Inc.,* 444 Mass. 122, 125 (2005).

> A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United States v. Swiss Am. Bank*, 274 F.3d 610, 618 (1st Cir. 2001) (citations and quotations omitted).

### A.    General Jurisdiction

For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*,  564 U.S. 915, 924 (2011).  Domicile refers to the place where a person maintains her permanent home.  Robinson is a Texas resident and maintains her permanent home in Texas.  There is no evidence that she has any substantial connection to any other state.  Accordingly, this court may not assert general jurisdiction over Robinson.

### B.    Specific Jurisdiction

In Massachusetts, a federal court can assert specific jurisdiction over an out-of-state defendant in a diversity case only if the state long-arm statute, Mass. Gen. Laws ch. 223A, § 3, so allows, and the exercise of jurisdiction is consistent with constitutional due process.  *Daynard*

*v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002).  The

relevant portions of the Massachusetts long-arm statute provide:

> A court may exercise personal jurisdiction over a person, who acts directly or by
> an agent, as to a cause of action in law or equity arising from the person's
>
>> (a) transacting any business in this commonwealth;
>>
>> (b) contracting to supply services or things in this commonwealth;
>>
>> (c) causing tortious injury by an act or omission in this commonwealth;
>>
>> (d) causing tortious injury in this commonwealth by an act or omission
>> outside this commonwealth if he regularly does or solicits business, or
>> engages in any other persistent course of conduct, or derives substantial
>> revenue from goods used or consumed or services rendered, in this
>> commonwealth . . .

Mass. Gen. Laws ch. 223A, § 3.

Section 3(a) allows for personal jurisdiction over persons "transacting any business in

this commonwealth."  *Id.*  In construing Section 3(a), courts must "focus on 'whether the

defendant[s] attempted to participate in the commonwealth's economic life.'"  *Cossart v. United*

*Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015) (quoting *United Elec., Radio & Mach. Workers of*

*Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992)).

The complaint alleges that Robinson did not strictly comply with certain Texas laws as

was required of her as a notary in that state.  (First Am. Compl. ¶¶ 40-43).  In particular, it

alleges that she failed to check certain boxes on the form and to maintain a log book.  However,

nothing in the record suggests that any of her conduct at issue here involved transacting any

business in this commonwealth.  She notarized the assignment of Jones's mortgage while an

employee for Countryside/Bank of America in Texas.  Her conduct was consistent with a

relatively minor, indeed ministerial, role as an employee of the lender; she was not attempting to

"participate in the commonwealth's economic life."  *Cossart*, 804 F.3d at 18.  Accordingly,

Section 3(a) does not provide an adequate basis for jurisdiction under the long-arm statute.

Section 3(d) of the long-arm statute allows for jurisdiction over persons "causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." Although section 3(d) provides for jurisdiction in cases where the injury-causing acts occur outside of Massachusetts, there are no allegations here that Robinson "regularly" or "persistently" engaged in conduct in Massachusetts. *Cf. Roberts v. Legendary Marine Sales*, 447 Mass. 860, 865 (no "persistent course of conduct" where boat sale at issue was "only transaction the defendant ever entered into with a Massachusetts resident."). Furthermore, it is unlikely that Robinson's acts caused any tortious injury in the Commonwealth, as this Court already dismissed all claims against defendants BNY and SPS for failure to state a claim. Accordingly, that section, too, is not a proper basis for jurisdiction.

That leaves Section 3(c), which provides for jurisdiction over persons "causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws ch. 260, § 3(c). There is no dispute that Robinson notarized the third assignment, and otherwise conducted her duties as a notary, in Texas. Thus, any conduct by Robinson that could have caused Jones's injuries occurred entirely outside of Massachusetts, and accordingly Section 3(c) does not provide a proper basis for jurisdiction under the long-arm statute.

"Jurisdiction is conferred only 'when some basis for jurisdiction enumerated in the [Massachusetts long-arm] statute has been established.'" *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994) (quoting *Good Hope Indus. Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6 (1979)).[1]

---

[1] Although many courts in this circuit have often proceeded on the assumption that the two standards were co-extensive—and that a court may therefore bypass the question of jurisdiction under the long-arm statute and

There is no basis in the record to conclude that any of the specific requirements of the Massachusetts long-arm statute applies here and therefore there appears to be no basis for the exercise of personal jurisdiction over Robinson in Massachusetts.

## IV.    Conclusion

For the foregoing reasons, the entry of default against Sandra Robinson is VACATED and plaintiff Paul Jones is hereby ORDERED to show cause in writing within 21 days (that is, by January 31, 2022), why this Court should not dismiss this action for lack of personal jurisdiction over defendant Sandra Robinson.  Failure to do so will likely result in dismissal of this case.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  January 10, 2022                         Chief Judge, United States District Court

---

move directly to the constitutional analysis—recent First Circuit case law indicates that such an assumption is incorrect.  *See Baskin-Robbins*, 2016 WL 3147645, at *3 (the assertion of personal jurisdiction must "satisfy the requirements of both the Due Process Clause of the federal Constitution and the Massachusetts long-arm statute," and the "requirements imposed by the [statute]," although "quite similar," are "not completely congruent with" the constitutional requirements); *see also Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 3-4 (1st Cir. 2016) ("Recently . . . we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution."); *A Corp.*, 812 F.3d at 59 ("[T]he Commonwealth's long-arm statute may impose limits on the exercise of personal jurisdiction 'more restrictive' than those required by the Constitution."); *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015) ("The requirements of the Massachusetts long-arm statute are similar to—although not necessarily the same as—those imposed by the Due Process Clause.").