# United States Court of Appeals
## For the First Circuit

No. 23-1078

PAUL JONES,

Plaintiff - Appellant,

v.

SANDRA ROBINSON,

Defendant - Appellee,

THE BANK OF NEW YORK, Trustee for The Certificate Holders CWABS, Inc., Asset-Backed Certificate, Series 2004-7; SELECT PORTFOLIO SERVICING, INC.,

Defendants.

Before

Barron, Chief Judge,
Lynch and Howard, Circuit Judges.

**JUDGMENT**

Entered: June 18, 2024

This appeal stems from a non-judicial foreclosure of a residential property. Paul Jones, the mortgagor, brought a diversity action against the mortgagee, Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 ("BNY"); the mortgage servicer, Select Portfolio Servicing, Inc. ("SPS"); and Sandra Robinson, a Texas notary public, asserting claims under various provisions of Massachusetts law. The district court granted a Rule 12(b)(6) motion filed by SPS and BNY in June 2021, and in January 2023 dismissed the remaining claims against defendant Robinson because Jones failed to file a response to the court's show-cause order.

Jones filed a notice of appeal designating only the January 2023 decision for review. However, his brief on appeal does not address that ruling and the issues raised are instead directed to the June 2021 ruling granting the Rule 12(b)(6) motion by SPS and BNY. Because no grounds for reversal of the January 2023 dismissal of the claims against defendant Robinson are stated, any

challenge to that ruling is waived. See Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29 (1st Cir. 2015) (this court "do[es] not consider arguments for reversing a decision of the district court when the argument is not raised in a party's opening brief"); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Jones's failure to designate the June 2021 dismissal of the claims against SPS and BNY in his notice of appeal also raises the question whether the notice, as drafted, confers jurisdiction on this court to review that ruling. See Fed. R. App. P. 3(c)(1)(B) (requiring that a party "designate the judgment--or the appealable order--from which the appeal is taken" in a notice of appeal). But this requirement is construed liberally, O'Brien v. Town of Bellingham, 943 F.3d 514, 526 (1st Cir. 2019), and a notice of appeal need not designate specific orders that merge into the designated judgment. Fed. R. App. P. 3(c)(4). However, if a notice of appeal is so unclear that the intent to appeal a specific decision cannot be fairly inferred from it and the appellee is misled by it, the right to appeal a specific decision may be lost. O'Brien, 943 F.3d at 526; In re Spookyworld, Inc., 346 F.3d 1, 6 (1st Cir. 2003).

Because the district court here did not enter a separate judgment in accordance with Fed. R. Civ. P. 58(a), the January 2023 order designated in the notice of appeal operated as the final judgment because it disposed of all remaining claims against the only remaining defendant. See Fed. R. App. P. 3(c)(5)(A). Even assuming that the June 2021 Rule 12(b)(6) ruling merged into the January 2023 order of dismissal, the January 2023 ruling does not itself relate or refer to the June 2021 ruling, and the notice of appeal does not make clear Jones's intent to appeal the June 2021 ruling. Indeed, the clerk of this court interpreted the notice as intending to appeal only the January 2023 order of dismissal, and issued a briefing notice to Jones with a case caption designating defendant Robinson as the sole appellee. Jones, who is pro se but has litigated extensively in both state and federal courts, reproduced the case caption without objection or correction in submissions relating to his motion to proceed in forma pauperis and to extend the time to file his brief. As a result, neither SPS nor BNY filed appearances or briefs.

Arguably, Jones should be deemed to have forfeited review of the June 2021 decision because his failure to specify the June 2021 ruling in his notice of appeal coupled with his failure to object to the court's designation of the parties to the appeal was misleading and prejudicial to SPS and BNY, who were deprived of an opportunity to file briefs. In any case, even if we consider the issues Jones has briefed, it is clear that he has failed to present any substantial issue for review.

This court's review of a Rule 12(b)(6) dismissal is de novo. See Rivera-Rosario v. LSREF2 Island Holdings, Ltd., 79 F.4th 1, 4 (1st Cir. 2023). The court must accept the complaint's well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. See id. The court also "may consider the record in the original action[s]." Id.

Jones first challenges the district court's dismissal of his claim in Count One that the default notice sent by SPS violated Paragraph 22 of the mortgage and the Massachusetts statutory power of sale, Mass. Gen. Laws ch. 183, § 21, and thereby rendered the 2018 foreclosure void. Essentially for the reasons set forth by the district court, we conclude that the allegations were insufficient to

state a claim upon which relief could be granted and were therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Jones also contends that the district court erred in dismissing his claim in Count Two that BNY's failure notify the municipal taxing authority of the foreclosure sale within the time required by Mass. Gen. Laws ch. 244, § 15A, amounted to a failure to strictly comply with the statutory provisions regulating foreclosures and therefore rendered the sale void. See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646, 941 N.E.2d 40, 49-50 (2011). But the Massachusetts Supreme Judicial Court has held that Section 15A's post-foreclosure notice requirement is not a provision concerning the "process and mechanics of the foreclosure sale itself," and therefore a failure to strictly comply with it will not render a foreclosure void. Turra v. Deutsche Bank Trust Co. Americas, 476 Mass. 1020, 1021-22, 68 N.E.3d 631, 632-34 (2017). As Jones did not allege any prejudice stemming from the allegedly late notification, the district court correctly concluded that any failure to strictly comply with § 15A's notice requirement did not provide a basis for voiding the foreclosure.

Jones next argues that the district court erred in dismissing his claim that SPS and BNY failed to "tak[e] steps to make a good faith effort to avoid foreclosure." This allegation appears in Count Three of the complaint as part of Jones's claim that SPS and BNY engaged in unfair and deceptive trade practices in violation of Massachusetts Gen. Laws. ch. 93A. The complaint did not include any specific facts in support of this allegation, but the district court construed it as asserting a violation of Mass. Gen. Laws ch. 244, § 35B, which provides in part that a "creditor shall not cause publication of a notice of foreclosure sale" upon certain mortgage loans "unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Id. § 35B(b). In concluding that Jones failed to state a plausible claim for relief under Chapter 93A, the district court noted that SPS sent a pre-foreclosure notice to Jones advising him of his right to seek a loan modification or other foreclosure alternative and that Jones did not contend that he did not receive the letter or assert that he took any steps to cure the default; moreover, the district court found that, even if defendants failed to comply with § 35B, a mere violation of the statute without any allegation of unfair or deceptive conduct was insufficient to state a claim under Chapter 93A.

In his brief, Jones does not address the stated basis for the dismissal of his claim based on the alleged failure to take reasonable steps to avoid foreclosure, and instead argues that defendants should have made efforts to arrange a face-to-face interview with him in accordance with HUD regulations that applied to his mortgage, and that their failure to do so rendered the foreclosure invalid. However, this theory was not raised below and it therefore may not be pursued for the first time on appeal. Iverson v. City of Boston, 452 F.3d 94, 102 (1st Cir. 2006).

Next, Jones challenges the district court's determination that his allegations were insufficient to state a plausible claim that BNY was not the holder of the mortgage note at the time of the 2018 foreclosure. The district court found that Jones's allegation that BNY was not the note holder at the time of foreclosure was too speculative to rebut the affidavit pursuant to Mass Gen. Laws ch. 244, §§ 35B and 35C, in which an officer of SPS attested that as of September 6, 2017, BNY was the holder of the note secured by Jones's mortgage. We concur with the district court's assessment and conclude that Jones has failed to present any substantial issue for review with respect to this claim.

In addition, Jones makes a cursory challenge to the district court's finding that he failed to adequately allege that he sent a demand letter to defendants, a statutory precondition to bringing suit under Chapter 93A. See Mass. Gen. Laws ch. 93A, § 9(3); Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004). But because Jones simply insists that he sent a demand letter and does not address the district court's alternative finding that the allegations failed to describe any conduct that was unfair or deceptive within the meaning of the statute, he fails to present any substantial issue for review.

Finally, Jones raises several issues that are not material to the grounds for dismissal. First, Jones argues that he has standing to challenge the validity of mortgage assignments and maintains that a confirmatory assignment dated January 25, 2008 is void because a handwritten amendment was not made by the notary. But defendants did not contend and the district court did not find that Jones lacked standing to challenge the mortgage assignments, and Jones does not address the district court's determination that an earlier assignment to BNY was valid, nor does he explain why a defect in the January 25, 2008 confirmatory assignment would affect the validity of the assignment it purported to confirm. Jones also contends that the district court erroneously accepted an unsubstantiated assertion by defendants that a foreclosure sale of the same property that was conducted in 2007 was rescinded. While Jones did not directly state in his complaint that a rescission of the 2007 foreclosure had occurred, he did allege that defendants represented in a related state court action that they rescinded the 2007 foreclosure. Jones did not dispute that statement nor does he explain how a second foreclosure of the same mortgage could have occurred in April 2018 if the first one was not rescinded. In any case, the district court's assumption that a rescission occurred was not material to its determination that the allegations were insufficient to state a plausible claim for relief against SPS or BNY.

In sum, even if not waived, Jones's arguments challenging the June 3, 2021 Rule 12(b)(6) dismissal of his claims against SPS and BNY fail to present any substantial issue for review.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Paul M. Jones
Peter Francis Carr II
Carson Milley Shea